[Civ. No. 24496. Third Dist. May 31, 1985.]

LOUIS C. STEINMETZ, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
STOCKTON CITY CHAMBER OF COMMERCE et al.,
Defendants and Respondents.

**COUNSEL**

Belli, Drivon & Bakerink and Stewart M. Tabak for Plaintiffs and Appellants.

Bailey & Brown, David I. Brown, Weintraub, Genshlea, Hardy, Erich & Brown and Robert B. Zaro for Defendants and Respondents.

**OPINION**

**PUGLIA, P. J.**—Plaintiffs appeal from summary judgments in favor of defendants Stockton City Chamber of Commerce (Chamber) and California Human Development Corporation (CHDC). The lawsuit arises out of the fatal stabbing of plaintiffs' decedent. The issue on appeal concerns a landowner's liability for a criminal assault by a third person upon an invitee which occurs off the landowner's premises. We shall affirm.

On the evening of March 4, 1982, decedent attended a business "mixer" sponsored by Chamber. Chamber sponsors periodic "mixers" at the request of individual area businesses. Members of the local business community are invited to attend in order to promote active commercial intercourse. Each mixer is hosted by a local business selected by Chamber. The mixer following which decedent was slain was hosted by CHDC on its business premises. These premises are located in Cherokee Industrial Park and are leased by CHDC from defendant Charles Whiteside, an owner of the industrial park.

Cherokee Industrial Park is located near Highway 99 in a rural area on the outskirts of Stockton. There are no retail businesses located in the park; the tenants are primarily manufacturers and wholesale establishments.

Several hundred people attended the mixer. CHDC had only 20 to 25 parking spaces on its premises, but there was additional parking available elsewhere within the industrial park.

The mixer was scheduled to end at 7 p.m. Decedent left at approximately 7:30 p.m. Her car was parked about one block away off CHDC premises but within the industrial park. Upon returning to her parked car, she was fatally stabbed by an unknown assailant.

Plaintiffs, by their guardian ad litem, brought this wrongful death action against Chamber, CHDC, and Whiteside on the theory that defendants breached a duty owing to the decedent as a business invitee in failing to provide a safe place for her to park her car while she attended the mixer. The complaint further charges that a lack of security and supervisory personnel and inadequate lighting and other safety precautions in the parking lot and other parking areas contributed to decedent's death.[1]

---

[1] In their appellate brief plaintiffs advance an alternate theory of liability, arguing that a duty arose independently of ownership or control of land because defendants voluntarily and gratuitously undertook to protect decedent against harm and failed to exercise reasonable care in doing so. Since that theory was not plead in the complaint, it was not addressed in the summary judgment proceedings and we do not consider it here.

CHDC and Whiteside moved for summary judgment claiming the absence of any prior violent criminal activity in the industrial park made the attack unforeseeable, and thus no duty was owed to decedent. In addition, CHDC asserted it had no liability or responsibility for an attack occurring off its leased premises. Both motions were granted.

Thereafter, Chamber moved for summary judgment, asserting essentially the same bases set forth by CHDC in its successful motion. Chamber's motion was likewise granted. Plaintiffs appeal from the summary judgment in favor of CHDC and Chamber. Whiteside is not a party to this appeal.

■ "Liability founded upon a claim of negligence cannot exist unless a duty of care is owed by the alleged wrongdoer to the person injured or to the class of which the injured person is a member. [Citations.] ■ In California, it is well settled that an owner of land held open for business purposes may have a duty to protect visitors from the wrongful acts of third persons. [Citation.] Whether such a duty in fact exists is a question of law to be determined separately in each case, based on the weighing of a number of factors. [Citation.]" (*Gomez* v. *Ticor* (1983) 145 Cal.App.3d 622, 627 [193 Cal.Rptr. 600].)

Recently, the Supreme Court considered the duty owed by a landowner to an invitee injured on the landowner's premises by criminal activity of a third person. (*Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112 [211 Cal.Rptr. 356, 695 P.2d 653].) In *Isaacs,* a doctor affiliated with a private hospital brought an action against the hospital to recover for injuries sustained when he was shot by an unknown assailant in one of the hospital's parking lots. At trial plaintiff's evidence tended to show the hospital failed to take adequate security measures to protect its invitees and licensees against the criminal acts of third persons on the premises. The Supreme Court reversed a judgment of nonsuit, holding the assault on plaintiff was not unforeseeable as a matter of law, and that the evidence established the hospital had a duty to protect the plaintiff from criminal assaults in the parking lot. (*Id.,* at pp. 130-131.) The court stated: "'It has long been recognized that "a possessor of land who holds it open to the public for entry for business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons . . . and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."'" (38 Cal.3d at p. 124.) However, the court continued "[a] defendant cannot be held liable for the defective or

dangerous condition of property which it [does] not own, possess, or control. Where the absence of ownership, possession, or control has been unequivocally established, summary judgment is proper." (*Id.*, at p. 134.)

In this case, the record establishes without question the decedent was murdered off the premises leased by CHDC on property not within the possession or control of CHDC or Chamber, but rather on the premises of another tenant in the industrial park. In the cases relied upon by plaintiff (e.g., *Isaacs, supra,* 38 Cal.3d 112; *Gomez* v. *Ticor, supra,* 145 Cal.App.3d 622; *Cohen* v. *Southland Corp.* (1984) 157 Cal.App.3d 130 [203 Cal.Rptr. 572]), the criminal acts of the third party occurred on premises owned, possessed, or controlled by the landowner. Plaintiffs have not cited nor are we aware of any case where a *landowner* was held responsible for injuries to an invitee from criminal activity occurring off the landowner's premises. *Schwartz* v. *Helms Bakery, Ltd.* (1967) 67 Cal.2d 232 [60 Cal.Rptr. 510, 430 P.2d 68], cited by plaintiff, is distinguishable. In that case defendants' driver was a street vendor who sold bakery goods from a mobile truck. Plaintiff, a four-year-old child, was struck and injured by a car when, at the driver's invitation, he attempted to cross a busy street to purchase a doughnut. Reversing a judgment of nonsuit, the Supreme Court identified two discrete relationships each giving rise to a legal duty: "[S]ince the driver undertook to direct the conduct of the child, he entered into a legal relationship with him. A second and concomitant legal relationship arose between the child and the driver when the driver invited the child to become a customer of his business." (P. 236.) In respect to the latter duty, the court explained: "Defendants' business consisted of selling bakery goods from a truck. In coming to the truck for the convenience of defendants, patrons used the public streets and sidewalks as a means of access for the special benefit of defendants' business. Defendants may therefore be held liable for an injury occurring to their customer in the immediate vicinity of the truck if the circumstances causing the injury are within the range of defendants' reasonable supervision and control." (P. 243, fn. 10.) This elastic concept of business premises is uniquely appropriate to the vendor whose commercial activities are conducted from a mobile vehicle at shifting locations on the public streets. However, we know of no decision which has applied this standard to one whose business is conducted on private property in a fixed location. Indeed, it is difficult to perceive how such a rule could be fashioned.

The duty to take affirmative action for the protection of individuals coming upon the land "is grounded in the possession of the premises and the attendant right to control and manage the premises." (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 368 [178 Cal.Rptr. 783, 636 P.2d 1121].)

Generally, however, a landowner has no right to control and manage premises owned by another. CHDC had no right to station security guards on premises it neither owned nor controlled. Nor did CHDC have any right to place lighting in any parking area other than its own parking area. Moreover, neither CHDC nor Chamber had any right to control the activities of either their invitees or third parties where those activities occur off premises which they neither own, possess, nor control. Under the facts here presented, there is simply no basis for finding that either CHDC or Chamber owed any duty of care to decedent while decedent was on premises neither owned, possessed, nor controlled by either defendant.

Plaintiffs contend that where, as here, parking provided on CHDC's premises was inadequate in light of the number of people invited to the "mixer," defendants should have foreseen that invitees would be forced to park in the outlying areas and thus had a responsibility to insure safe ingress and egress to the property owned or controlled by them. We disagree, noting that it is impossible to define the scope of any duty owed by a landowner off premises owned or controlled by him. The instant case cannot be distinguished from that of a movie theater showing the latest academy award winning movie, or a department store holding its annual clearance sale, neither of which is able to afford sufficient parking for the number of invitees seeking to enter the premises. We are aware of no obligation upon the movie theater or department store owner to provide additional lighting on the city streets or hire security guards to patrol those streets for the safety of its invitees. Nor can the instant situation be distinguished from that of a homeowner whose business guests must park on city streets because there is not sufficient parking on the premises. It is not legally incumbent upon the homeowner to provide additional lighting or hire security guards to escort his guests to their cars. And if the department store, movie theater or residence is located in a high crime area, why should the duty be discharged simply by affording the invitee safe passage to his vehicle? Why should it not continue until the invitee is safely away from the "high crime area?" "To ask the questions is to demonstrate the futility of attempting to impose and define such a duty." (*7735 Hollywood Blvd. Venture* v. *Superior Court* (1981) 116 Cal.App.3d 901, 905 [172 Cal.Rptr. 528]; see generally *Rufo* v. *N.B.C. Nat. Broadcasting Co.* (1959) 166 Cal.App.2d 714, 720-724 [334 P.2d 16].)

In the final analysis, the record establishes decedent was killed by an unknown assailant in a parking lot located off property owned, possessed, or controlled by either Chamber or CHDC. Although summary judgment is a drastic remedy, we conclude that under the instant facts neither Chamber nor CHDC owed any duty of care to decedent for an injury occurring on

premises they neither owned nor controlled. Accordingly, the motions for summary judgment were properly granted.

The judgments are affirmed.

Carr, J., and Sims, J., concurred.

A petition for a rehearing was denied June 26, 1985, and appellants' petition for review by the Supreme Court was denied October 3, 1985. Bird, C. J., Kaus, J., and Broussard, J., were of the opinion that the petition should be granted.