[No. A032781. First Dist., Div. Two. Feb. 4, 1988.]

ROBERT J. OWENS, Plaintiff and Appellant, v.
KINGS SUPERMARKET et al., Defendants and Respondents.

COUNSEL

Alan G. Rodier for Plaintiff and Appellant.

John T. Payne and Robert R. Drevlow for Defendants and Respondents.

OPINION

ROUSE, Acting P. J.—Robert J. Owens appeals from an order dismissing the action following the sustaining of Kings Supermarket's demurrer to Owens's second amended complaint. The only issue on appeal is whether the trial court erred as a matter of law in holding that a supermarket owes no duty to a customer injured by the negligence of a third party on public streets adjacent to the premises.

On January 1, 1984, plaintiff double-parked his car in the traffic lane in front of Kings Supermarket located at 751 Webster Street in San Francisco.

Plaintiff exited his car for the purpose of buying a newspaper at the market. Plaintiff was injured when a car owned and operated by Lula and Earnest Butler rolled forward and crushed plaintiff's legs against his car.[1]

Plaintiff filed the initial complaint in this action on April 30, 1984. The complaint alleged that Kings Supermarket was in the possession and control of "certain premises, located at 751 Webster Street, City and County of San Francisco, State of California, known and described as a grocery market." The complaint further alleged that there was a roadway adjacent to the sidewalk at the front of Kings Supermarket that was used as a parking area for customers. Paragraph seven of the complaint alleged that plaintiff was injured in the "parking area" and that the use of the parking area without lighting and without warning was "known to" Kings Supermarket.

Kings Supermarket demurred to this complaint on the ground that the power to regulate a public street is vested in the state or the municipality and that the supermarket did not owe a duty to plaintiff "for the conduct of a third party in areas off the premises over which the occupier of the property has no control." In opposition, plaintiff did not dispute that the accident had occurred in a public street. Instead, plaintiff contended that the supermarket had a duty to persons in the public roadway arising from its "special use" of the road as a parking area for customers and for the acceptance of deliveries. The court sustained the demurrer with leave to amend.

Plaintiff filed a first amended complaint that was virtually identical to the original complaint, except that a new paragraph five alleged that the sidewalk and roadway were used for the commercial benefit of the supermarket for the delivery of goods and as a customer parking area. The first amended complaint further alleged that Kings Supermarket "by word and deed, encouraged, solicited, and invited persons to park in the street traffic lanes for purposes of purchasing liquor and groceries at Defendant Supermarket . . . ." The first amended complaint further alleged that this commercial use of the public street created a hazardous condition that caused plaintiff's injuries.

Kings Supermarket again demurred. In addition to the arguments stated in its first demurrer, Kings also addressed plaintiff's new "hazardous condition" theory by noting that although there is authority to the effect that the

---

[1] Lula and Earnest Butler were the named defendants in plaintiff's second cause of action for negligence in the second amended complaint. The court permitted plaintiff to file a third amended complaint alleging only a cause of action for negligence against the Butlers. The order dismissing the action was as to Kings Supermarket only, and the Butlers are not party to this appeal.

possessor of land may have a duty to persons injured off the premises if the injury is caused by a dangerous condition on the land, plaintiff was attempting to extend that duty to injuries caused by an alleged dangerous condition of an adjacent public street. Plaintiff again did not dispute that the accident had occurred in the public street, and instead pressed the argument that a duty arose from Kings Supermarket's alleged adaptation of "the public way storefront area to the commercial use and benefit" of defendant. The court sustained the second demurrer, but again granted leave to amend.

Plaintiff filed his second amended complaint on January 2, 1985. It was identical in nearly all respects to the first amended complaint except that it included an allegation that plaintiff was on defendants' premises when he was injured. The second amended complaint also included new allegations to the effect that the supermarket had ratified the conduct of the Butlers, who were alleged to be agents of the supermarket.

On May 14, 1985, the court sustained the demurrer and this time granted leave to file a third amended complaint only against the Butlers. Plaintiff filed a third amended complaint on May 14, 1985. On July 16, 1985, the court ordered that the action be dismissed against Kings Supermarket only. Plaintiff filed a timely notice of appeal from that order.

## I.

Plaintiff's first contention on appeal is that because the second amended complaint alleged that plaintiff was injured while on "[d]efendant's premises" a cause of action was stated, apparently based on the general principles of premises liability articulated in *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].[2]

It is axiomatic that the function of a demurrer is to test the legal sufficiency of the pleading by raising questions of law. (*Baldwin* v. *Zoradi* (1981) 123 Cal.App.3d 275, 278 [176 Cal.Rptr. 809].) It is also well established that, when reviewing a judgment entered following the sustaining of a demurrer without leave to amend, the appellate court must assume the truth of the factual allegations of the complaint. (*Ibid.*) However, an

---

[2] In his opposition to the demurrer to the second amended complaint, plaintiff made no argument that a duty arose based on the new and conclusory allegations that the Butlers were agents of the supermarket and that defendant ratified the Butlers' conduct. Moreover, on appeal, apart from a one-sentence reference to these allegations, plaintiff makes no argument and cites no authority to the effect that those allegations stated a cause of action against the supermarket. We conclude, therefore, that plaintiff has both waived the issue by not arguing it to the court below and abandoned it on appeal. (Cal. Rules of Court, rule 13.)

exception exists where a party files an amended complaint and seeks to avoid the defects of a prior complaint either by omitting the facts that rendered the complaint defective or by pleading facts inconsistent with the allegations of prior pleadings. (See, e.g., *Hills Trans. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 712-713 [72 Cal.Rptr. 441]; *Kenworthy* v. *Brown* (1967) 248 Cal.App.2d 298, 302 [56 Cal.Rptr. 461].) In these circumstances, the policy against sham pleading permits the court to take judicial notice of the prior pleadings and requires that the pleader explain the inconsistency. If he fails to do so the court may disregard the inconsistent allegations and read into the amended complaint the allegations of the superseded complaint. (*Hills Trans. Co.* v. *Southwest Forest Industries, Inc., supra,* 266 Cal.App.2d at pp. 709-711; *Kenworthy* v. *Brown, supra,* 248 Cal.App.2d at p. 302.)

■ This exception is applicable to the pleadings in this case: The original complaint clearly alleged that plaintiff was injured in the street adjacent to the supermarket premises. The same allegations were made in the first amended complaint. Only when it became apparent to plaintiff that the court would not accept his argument that the alleged "special use" of the public street by the supermarket imposed a duty, did plaintiff allege, for the first time, that the injury occurred on "defendant's premises" rather than in the street. Plaintiff offered no explanation for this inconsistency to the court below or on appeal. The conclusion is inescapable that this amendment was made solely for the purposes of avoiding a demurrer. Thus, the court properly disregarded the allegation that the accident occurred on defendants' premises. ■■■■ For purposes of this appeal we shall assume, as alleged by plaintiff's original and first amended complaints, that plaintiff was injured while on the street adjacent to the premises of the supermarket.[3]

## II.

■ Having disposed of plaintiff's contention that the demurrer to the second amended complaint improperly attacked the truth of the factual allegations set forth in that complaint, we turn to the primary issue before us: Did the court err in finding that the supermarket owed no duty to a customer who was injured by the negligence of a third party in a public street adjacent to the supermarket premises? ■ The determination that

---

[3] Plaintiff does not specifically contend that the denial of leave to amend the second amended complaint following the third successful demurrer constituted an abuse of discretion. In any event, we note that it is not an abuse of discretion to deny leave to amend where the plaintiff alleged facts in the original complaint that cannot, as a matter of law, give rise to a cause of action. (*Mercury Casualty Co.* v. *Superior Court* (1986) 179 Cal.App.3d 1027, 1035 [225 Cal.Rptr. 100].) Because we conclude that the allegation that plaintiff was injured on a public street precludes any finding of duty, we also find the court did not abuse its discretion in denying leave to amend.

the defendant owes the plaintiff no duty of care is a complete defense to a cause of action for negligence. (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 362 [178 Cal.Rptr. 783, 636 P.2d 1121].) The issue whether a duty exists is a question of law to be determined by the court, and is reviewable de novo. (See, e.g., *Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 124 [211 Cal.Rptr. 356, 695 P.2d 653].)

In the proceedings below, plaintiff advanced two legal theories in support of his contention that Kings Supermarket owed him the duty to exercise ordinary care: First, plaintiff relies on the principle that the owner or occupier of land has a duty to exercise ordinary care to prevent injuries to persons on adjacent property or public streets caused by a natural or artificial condition of the property which the owner-occupier controls. (See *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358, 362.) Second, he asserts that the possessor of land is liable to invitees for foreseeable injuries caused by the accidental, negligent or intentionally harmful acts of third persons (*Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d 112, 124.) Although each of these principles is unassailable, neither is applicable to the facts plaintiff alleged in the second amended complaint.

In *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358, the court addressed the question of whether an uphill landowner owed a duty to a downhill landowner to exercise reasonable care to prevent injuries to the downhill property caused by an active landslide condition existing on the uphill property. In concluding that such a duty did exist, the court rejected a long-standing common law distinction between liability for natural, as opposed to artificial, conditions of the land. (*Id*. at pp. 362-372.) The court emphasized, however, that a landowner's duty to persons injured off the premises by a natural or artificial condition of the land was "grounded in the possession of the premises and the attendant right to control and manage the premises." (*Id*. at p. 368.) The key fact that renders the duty articulated in *Sprecher* inapplicable to this case is that plaintiff's injuries are alleged to have been caused by failure to exercise reasonable care with respect to the "commercial use" of a public street neither owned nor controlled by the supermarket.

The fact that plaintiff was injured while in the public street, rather than on the premises possessed by the supermarket, also precludes application of the duty recognized in *Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d 112, to this case. In *Isaacs,* the court held that a hospital could have a duty to a doctor who was shot by an unknown assailant in the hospital parking lot, and that the question whether such an assault was foreseeable should go to the jury. In reaching this conclusion, the court affirmed the long-standing principle that " ' "a possessor of land who holds it open to the

public for entry for business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent or intentionally harmful acts of third persons . . . ." ' " (*Id.,* at p. 124.) However, the court pointed out that a defendant cannot be held liable for the defective or dangerous condition of property which it did not own, possess or control. (*Id.,* at p. 134.)

Thus, although it is indisputable that the scope of premises liability has been greatly expanded in the last 10 years, plaintiff is attempting to extend the duty *beyond* the premises and into an undefined zone of "commercial use." The imposition of such a duty is foreign to the concept upon which all premises liability is based, i.e., that possession includes the attendant right to manage and control, thereby justifying the imposition of a duty to exercise due care in the management of the property. (See, e.g., *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358; *Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d 112.) The courts, therefore, have consistently refused to recognize a duty to persons injured in adjacent streets or parking lots over which the defendant does not have the right of possession, management and control. (See, e.g., *Steinmetz* v. *Stockton City Chamber of Commerce* (1985) 169 Cal.App.3d 1142 [214 Cal.Rptr. 405] [host of a business party could not be held liable for a criminal assault on a guest that occured in a nearby parking lot that the host neither owned nor controlled]; *Nevarez* v. *Thriftimart, Inc.* (1970) 7 Cal.App.3d 799 [87 Cal.Rptr. 50] [supermarket owed no duty of care to a young child who was hit by a car in an adjacent public street while returning home from a grand opening of the store].)

The rationale for refusing to so extend the concept of duty was spelled out clearly in *Steinmetz*: "[I]t is impossible to define the scope of any duty owed by a landowner off premises owned or controlled by him. The instant case cannot be distinguished from that of a movie theater showing the latest academy award winning movie, or a department store holding its annual clearance sale, neither of which is able to afford sufficient parking for the number of invitees seeking to enter the premises. We are aware of no obligation upon the movie theater or department store owner to provide additional lighting on the city streets or hire security guards to patrol those streets for the safety of its invitees. Nor can the instant situation be distinguished from that of a homeowner whose business guests must park on city streets because there is not sufficient parking on the premises. It is not legally incumbent upon the homeowner to provide additional lighting or hire security guards to escort his guests to their cars. And if the department store, movie theater or residence is located in a high crime area, why should the duty be discharged simply by affording the invitee safe passage to his vehicle? Why should it not continue until the invitee is safely away from the

'high crime area?' 'To ask the questions is to demonstrate the futility of attempting to impose and define such a duty.' [Citations.]" (169 Cal.App.3d at p. 1147.) Moreover, in *Nevarez,* the court noted that the defendant supermarket could not be held liable for injuries occurring in a public street because the power to control public streets and regulate traffic lies with the state which may delegate local authority to municipalities. (7 Cal.App.3d at p. 805.) Thus, the court concluded that the analogy to "rules relating to the occupiers of premises ends, as being inapt." (*Ibid.*)

Plaintiff's allegations that Kings Supermarket had adapted the public street to its "commercial benefit" are an apparent attempt to bring his case within a very narrow exception to the general rule that a person has no duty to exercise ordinary care to render safe property over which he or she has no right of possession or control. This exception was recognized in two cases imposing a duty on street vendors for injuries to patrons incurred on public streets: *Schwartz* v. *Helms Bakery, Ltd.* (1967) 67 Cal.2d 232 [60 Cal.Rptr. 510, 430 P.2d 68], and *Ellis* v. *Trowen Frozen Products, Inc.* (1968) 264 Cal.App.2d 499 [70 Cal.Rptr. 487]. In both *Steinmetz* and *Nevarez,* however, the court limited the street vendor "exception" to the unique operation of a traveling business. (See *Steinmetz* v. *Stockton City Chamber of Commerce, supra,* 169 Cal.App.3d 1142, 1146; *Nevarez* v. *Thriftimart, supra,* 7 Cal.App.3d 799, 805.) In *Steinmetz,* the court explained the limitation of the street vendor cases succinctly: " '[The street vendor's] business consisted of selling bakery goods from a truck. In coming to the truck for the convenience of defendants, patrons used the public streets and sidewalks as a means of access for the special benefit of defendants' business. Defendants may therefore be held liable for an injury occurring to their customer in the immediate vicinity of the truck if the circumstances causing the injury are within the range of defendants' reasonable supervision and control.' [Citation.] This elastic concept of business premises is uniquely appropriate to the vendor whose commercial activities are conducted from a mobile vehicle at shifting locations on the public streets. However, we know of no decision which has applied this standard to one whose business is conducted on private property in a fixed location. Indeed, it is difficult to perceive how such a rule could be fashioned." (169 Cal.App.3d at p. 1146, quoting *Schwartz* v. *Helms Bakery, Ltd., supra,* 67 Cal.2d 232, 243, fn. 10.) The *Nevarez* court used identical reasoning in refusing to apply the street vendor cases to the operation of a supermarket. "The rules laid down for street vendors are founded upon distinctions not here present. Thus, the street vendor is present in the street with his truck; he invites people to do business with him at his truck and in that part of the public street around him; patrons are attracted from predictable groups and locations, arriving along reasonably predictable routes of approach. While the street vendor cannot control traffic on the street around him he can, to a degree, control

his own movements, the places where he will do business and, thus, the avenues of approach to it." (7 Cal App.3d at p. 805.) We agree with the distinctions drawn in *Steinmetz* and *Nevarez* and decline to extend the duty recognized in the street vendor cases to a commercial enterprise operating at a fixed location.

For the foregoing reasons, we conclude that the court did not err in sustaining the demurrer to the second amended complaint on the ground that the defendant supermarket did not, as a matter of law, owe a duty to a customer who was injured by the negligence of a third party on an adjacent public street.

The order dismissing the action as to Kings Supermarket is affirmed.

Smith, J., and Benson, J., concurred.