[No. D008485. Fourth Dist., Div. One. Mar. 29, 1989.]

TWILA KAY GRAY, Plaintiff and Appellant, v.
AMERICA WEST AIRLINES, INC. et al., Defendants and
Respondents.

COUNSEL

Harold D. Thompson for Plaintiff and Appellant.

Higgs, Fletcher & Mack, Harry L. Carter, John Morris, Butz, Lucas, Dunn & Enright, Butz & Lucas and K. Elizabeth Dunn for Defendants and Respondents.

**OPINION**

**HUFFMAN, J.**—In granting separate motions for summary judgment brought by defendants America West Airlines, Inc. (America West) and the San Diego Unified Port District (Port District), the trial court ruled America West had no duty to protect against or warn of certain negligent conduct by third persons on its leased premises, and Port District's public property did not harbor a dangerous condition as alleged. Plaintiff Twila Kay Gray appeals, contending several factual issues remain to be resolved before rulings on these issues of law may properly be made. We affirm the judgments, holding the trial court correctly performed its function by ruling upon the motions as matters of law, recognizing no further factual showings were necessary.

### FACTUAL AND PROCEDURAL BACKGROUND

Mrs. Gray, a ticketed passenger on an America West flight, arrived at the airport an hour before flight time and went to the check-in counter with her grandson Byron, who was carrying her luggage. She waited in a roped-off line for her turn to check her luggage and receive her boarding pass, and stepped forward when directed to do so. Byron gave her luggage to the counter clerk and left the counter without interference. While Mrs. Gray

was occupied at the counter, an unidentified passenger behind her in line (not a party to this action) moved a box, approximately 12-15 inches square and 8-10 inches high, up to the front of the line and left it unattended for 2-3 minutes. America West's counter clerk returned Mrs. Gray's ticket to her after processing it. After asking for and receiving a boarding pass, Mrs. Gray turned to leave the counter and in doing so tripped over the unattended box. The mishap caused her to hit her head on the counter, lacerate her forehead, and fall to her knees. Her personal injury complaint alleged a single cause of action based on premises liability as to both defendants, including allegations of dangerous condition of public property as to Port District.

America West leases its ticket counter from Port District, the operator of the airport. The ticket counter faces directly onto the concourse area through which passengers must travel to arrive at the flight departure gates. In support of its motion for summary judgment or adjudication of issues,[1] America West submitted deposition testimony and a declaration by airport manager Maurice A. McDonald, stating America West has no control over the independent contractor whom Port District employs to maintain the concourse area, where Mrs. Gray's injury was incurred.

In response to America West's motion for summary judgment, Mrs. Gray submitted deposition testimony and Port District's answer to her interrogatory inquiring into what precautions were taken to prevent injuries to users of the premises from objects placed on the floor near the ticket counters: "15. Objection, vague, ambiguous and unintelligible. Without waiving said objection, it would gave [sic] been the airlines [sic] responsibility to manage the area around its ticket counter."

America West's motion for summary judgment was granted and judgment was entered, the court finding the complaint had no merit and that there were no triable issues of material fact.

Shortly thereafter, Port District's motion was heard. Port District argued no condition of public property caused Mrs. Gray's injury, rather the fellow passenger's unattended box caused her to fall. Immunity under Government Code section 835.4[2] was also urged, on the grounds the Port District's action or inaction that created the alleged dangerous condition was reason-

---

[1] Both defendants brought alternative motions for summary judgment or adjudication of issues under Code of Civil Procedure section 437c; the adjudication requests were rendered moot when the summary judgments were granted.

[2] All statutory references are to the Government Code unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

able. The motion was granted and judgment entered; Mrs. Gray timely appealed as to both defendants.

DISCUSSION

I

Standard of Review

■ Where a defendant is the moving party on a motion for summary judgment, its declarations and evidence must either establish a complete defense to plaintiff's action or demonstrate the absence of an essential element of plaintiff's case. If plaintiff does not counter with opposing declarations showing there are triable issues of fact with respect to that defense or an essential element of its case, the summary judgment must be granted. (*Dolquist* v. *City of Bellflower* (1987) 196 Cal.App.3d 261, 266 [241 Cal.Rptr. 706].) For example, if defendant can show it had no duty to protect plaintiff, it establishes a complete defense to a claim of negligence and the ruling on the summary judgment motion may be based upon this issue of law. (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 362 [178 Cal.Rptr. 783, 636 P.2d 1121]; *Lopez* v. *McDonald's* (1987) 193 Cal.App.3d 495, 503 [238 Cal.Rptr. 436].)

■ In making these determinations, the court must strictly construe the affidavits of the moving party and liberally construe those of its opponent. (*Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 134 [211 Cal.Rptr. 356, 695 P.2d 653].)

■ In premises liability cases, summary judgment may properly be granted where a defendant unequivocally establishes its lack of ownership, possession, or control of the property alleged to be in a dangerous or defective condition. (38 Cal.3d at p. 134.) This follows from the rule that the duty to take affirmative action for the protection of individuals coming onto one's property "is grounded in the possession of the premises and the attendant right to control and manage the premises." (*Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358, 368, quoted in *Steinmetz* v. *Stockton City Chamber of Commerce* (1985) 169 Cal.App.3d 1142, 1146 [214 Cal.Rptr. 405].) Without the "crucial element" of control over the subject premises (*Schwartz* v. *Helms Bakery Limited* (1967) 67 Cal.2d 232, 239 [60 Cal.Rptr. 510, 430 P.2d 68]), no duty to exercise reasonable care to prevent injury on such property can be found. (*Ibid.*)

With these rules stated, we turn to an examination of the two areas in which Mrs. Gray contends triable issues of fact still exist: whether America

West exercised control over the concourse area where she was injured such that her accident should have been foreseeable to it and thus prevented by it; and whether a particular physical feature of Port District's public property, combined with foreseeable third party negligence, constituted a dangerous condition of public property within the scope of *Peterson* v. *San Francisco Community College Dist.* (1984) 36 Cal.3d 799 [205 Cal.Rptr. 842, 685 P.2d 1193], and related cases. These topics will be discussed separately.

## II

### America West's Control of the Concourse

The basic rule of liability for negligent maintenance of property is stated in Civil Code section 1714, "Everyone is responsible, . . . for an injury occasioned to another by his want of ordinary care or skill in the management of his property . . . ." ■■■ In the case of wrongful or negligent acts of third persons on the property posing a risk to the users of such premises, it is a question of law to be determined on a case-by-case basis whether the landowner or possessor has a duty to take affirmative action to control such acts. (*Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d 112, 123-124.)

The general factors to be weighed in considering whether one owes another a duty of care include: " ' " '[T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. [Citations.]' " ' " (38 Cal.3d at pp. 124-125.)

■■■ The Supreme Court explained further in *Ballard* v. *Uribe* (1986) 41 Cal.3d 564, 572-573, footnote 6 [224 Cal.Rptr. 664, 715 P.2d 624], that while in fact-specific settings foreseeability may be a factual issue for the jury or fact finder, in a court's determination of the existence of duty as a question of law, foreseeability is also a question of law: "[A] court's task— in determining 'duty'—is not to decide whether a *particular* plaintiff's injury was reasonably foreseeable in light of a *particular* defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." (*Ibid.*) An earlier statement of this rule was that foreseeability may be

decided as a question of law only if under undisputed facts there is no room for reasonable differences of opinion. (*Bigbee* v. *Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 56 [192 Cal.Rptr. 857, 665 P.2d 947].)

■ When ruling upon duty as a question of law, the court considers in making its determination of foreseeability such factors as the extent of the burden in preventing future harm, and the "totality of the circumstances" including the nature, condition and location of the defendant's premises. (*Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d at p. 129; *Lopez* v. *McDonald's, supra,* 193 Cal.App.3d at p. 509.)

■ Accordingly, the trial court's duty in ruling on this motion was to make a determination on all the materials presented whether America West's alleged failure to control the area in front of its counter was negligent conduct sufficiently likely under all the circumstances to result in the kind of accident Mrs. Gray experienced. If so, the court would have been required to impose a duty of care and consequent liability upon the airline. In other words, the trial court, after liberally construing Mrs. Gray's affidavit in opposition to the motion, was presented with the question whether her showing, based on the Port District's interrogatory response that America West had the responsibility to manage the area in front of the counter, was sufficient to establish foreseeability and the other factors necessary for imposition of a duty as a matter of law.

The trial court's finding these factors had not been established and no duty could be imposed on America West under these circumstances was correct. Port District's response to Mrs. Gray's interrogatory is not sufficient to create a duty in and of itself, instead being merely evidence of a dispute among codefendants as to which one should bear any liability found. Although the declaration by airport manager McDonald that America West did not have control over the independent contractor who maintains the concourse area does not address any alternative methods in which control could be exercised, it does indicate the location where Mrs. Gray's injury was incurred is off America West's premises and shows the Port District is responsible for operating and maintaining the premises, including the concourse.

Mrs. Gray correctly argues, based on *Schwartz* v. *Bakery Limited, supra,* 67 Cal.2d at pages 239-240 and *Johnston* v. *De La Guerra Properties, Inc.* (1946) 28 Cal.2d 394, 399 [170 P.2d 5], that a possessor of premises has a duty to exercise reasonable care to prevent users of the premises from being injured, and that the extent of this duty is not strictly confined within the boundaries of the premises but instead extends to common means of ingress

and egress that the possessor controls.[3] However, due to America West's showing it lacked control over the Port District's concourse and due to Mrs. Gray's failure to adequately rebut that showing, the key factor of foreseeability under the totality of the circumstances here is lacking. It is, of course, well known that travelers in an airport carry boxes and luggage and that some percentage of them can be expected to handle their belongings negligently. However, due to the transient nature of such events and the obvious burden on an airline to prevent all such instances of future harm to its customers (see *Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d at pp. 123-124), no duty can be imposed on the businesses serving travellers to safeguard them from tripping on another's luggage in busy common areas like an airport concourse. Instead, such a public concourse area is more analogous to a public street or sidewalk than to the premises of a private business, since anyone wishing to do business with the airlines stationed there must join his or her fellow travelers in the general comings and goings.

Applicable case law reaches similar conclusions. In *Owens* v. *Kings Supermarket* (1988) 198 Cal.App.3d 379, 385-388 [243 Cal.Rptr. 627], the court declined to hold a private business operating at a fixed location liable for failure to exercise reasonable care with respect to alleged "commercial use" of an adjacent public street not owned or controlled by the business. The court cited a discussion in *Steinmetz* v. *Stockton City Chamber of Commerce, supra,* 169 Cal.App.3d at pages 1146-1147, of the impossibility of defining the scope of any duty owed by landowners off the premises they own or control, since once such a duty is imposed, it is futile to attempt to define its logical ending point.

In *Marshall* v. *United Airlines* (1973) 35 Cal.App.3d 84 [110 Cal.Rptr. 416], the court affirmed a summary judgment in favor of an airline on a complaint for personal injuries by a passenger who fell down a stairway on airport premises while en route to change from a plane to a helicopter. Finding the airline was not the owner or lessee of the stairway and had no right to control it, the court found no duty to maintain it. Since the stairway defect was open to inspection, the court stated the established rule that, at least in the exercise of ordinary care, one is under no duty to warn another of a danger equally obvious to both. (*Id.* at p. 90.)

In *Donnell* v. *California Western School of Law* (1988) 200 Cal.App.3d 715, 725 [246 Cal.Rptr. 199], this court upheld a summary judgment in

---

[3]*Shipman* v. *Norton* (1957) 154 Cal.App.2d 90 [315 P.2d 906], cited by Mrs. Gray in her reply brief, falls under this ingress and egress rule as the plaintiff who was injured by falling on a funeral home porch step while distracted by emotions arising from a funeral service was at all times on the landowner's premises. In that case, there was no contention the landowner did not have control over the area where the accident occurred.

favor of a landowner sued for premises liability over plaintiffs's claims the landowner should have done more to light or monitor from its own premises the adjoining city-owned sidewalk where the incident (a criminal assault injuring plaintiff) occurred. The court relied in part upon the lack of evidence the landowner had any control over the sidewalk, and stated: "The law of premises liability does not extend so far as to hold [defendant] liable merely because its property exists next to adjoining dangerous property and it took no action to influence or affect the condition of such adjoining property." (*Id.* at p. 720.)

Guided by this authority, we conclude the trial court correctly ruled as a matter of law America West owed no duty to Mrs. Gray to protect her against a risk equally obvious to both, since the showing of the extent of America West's control over the concourse area did not justify the imposition of a duty based on foreseeability of this type of accident.

### III

### Dangerous Condition of Public Property

As discussed above, Port District had the burden of showing in its motion a complete defense to the complaint or the absence of an essential element of Mrs. Gray's case. ■ As in any cause of action for premises liability, the existence of a duty to protect the plaintiff is an essential element of a cause of action for dangerous condition of public property, while the lack of such a duty is a complete defense. (*Dolquist* v. *City of Bellflower, supra,* 196 Cal.App.3d 261, 266; *Sprecher* v. *Adamson Companies, supra,* 30 Cal.3d 358, 362.)

The components of a public entity's legal duty under the Tort Claims Act include the existence of a dangerous or defective condition, and knowledge or notice thereof by an officer or person who has authority to remedy it. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 571-572, pp. 609-610.)[4] To successfully allege the existence of a dangerous condition of public property, a plaintiff-user must establish a condition of the property creates a substantial risk to any foreseeable user of the property who uses it with due care; property is not "dangerous" within the definition of section 830(a) if the property is safe when used with due care and a risk of harm is created only when foreseeable users fail to exercise due care. (*Fredette* v. *City of Long Beach* (1986) 187 Cal.App.3d 122, 131 [231 Cal.Rptr. 598].)

---

[4]The remaining components of this cause of action are breach of the duty, proximate cause, damage, and notice of claim. (*Ibid.*)

■ As she did in her attack on the summary judgment in favor of America West, Mrs. Gray contends the court erred by ruling on Port District"s motion as a matter of law in light of several claimed triable issues of fact. These factual issues include whether Port District had actual or constructive notice of the condition and whether the condition was in fact dangerous. However, since each of these factors is a component of the initial judicial determination whether a duty may be imposed as a matter of law, the trial court's function under the cases discussed in part II, *ante* (e.g., *Ballard* v. *Uribe, supra,* 41 Cal.3d 564), was to evaluate generally whether the tortious conduct alleged was sufficiently likely to result in the kind of harm experienced so that liability could properly be imposed upon Port District. Therefore, since the trial court was authorized to make this threshold determination and did so adversely to Mrs. Gray, it properly never reached those triable issues she now contends justify reversal of the judgments.

Mrs. Gray makes one further substantive argument to attack the judgment in favor of the Port District: under *Peterson* v. *San Francisco Community College Dist., supra,* 36 Cal.3d 799, and related cases, foreseeable third party conduct combined with some particular feature of the public property may create a dangerous condition of public property. She argues the lack of an effective barrier or warning signs prohibiting the placement of unattended luggage near ticket counters, combined with foreseeable negligent conduct by fellow travelers, together should result in the imposition of a duty on Port District to prevent such accidents. In particular, she cites *Swaner* v. *City of Santa Monica* (1984) 150 Cal.App.3d 789 [198 Cal.Rptr. 208], in which the court reversed a judgment of dismissal after an order sustaining a demurrer without leave to amend. The court found the plaintiffs, injured when run over on a public beach at night, had successfully alleged a nexus between the condition of the public beach property (where illegal auto racing was known to take place) and the third party (racer's) activity, since access to the beach was allowed through an unfenced public area. The court decided plaintiffs had successfully alleged the foreseeability of the negligent third party conduct and concluded such foreseeable third party negligence may make public property dangerous when combined with a particular physical feature of the property.

A later case arising out of the same Second District, Division Three court which decided *Swaner, Rodriguez* v. *Inglewood Unified School Dist.* (1986) 186 Cal.App.3d 707 [230 Cal.Rptr. 823], dealt with the question of whether a school district could be held liable for a dangerous condition of public property where a criminal assault by a nonstudent upon a student occurred on school premises. The court distinguished *Swaner,* explaining: "The holding in *Swaner,* which came out of this division, was based on its unique

facts, and a line is thereby drawn. It appears all the relevant cases are substantially controlled by their distinct factual situations." (*Id*. at p. 719.)

Finding no particular feature of the physical condition of the property could have contributed to the nonstudent assailant's access to the school campus, with or without easily concealed weapons, the court in *Rodriguez* looked to section 830.2, which sets forth the criteria for a court to conclude as a matter of law a condition is not dangerous. This section reads as follows: "A condition is not a dangerous condition within the meaning of this chapter if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used." In deciding *Rodriguez,* the court exercised its "appellate prerogative" under section 830.2 and found as a matter of law no dangerous condition of public property existed. (186 Cal.App.3d at p. 720.)

In the case before us, as in *Swaner,* it is the lack of protective measures on the property which, when combined with third party negligence, allegedly constitutes the dangerous condition of public property. However, the factors outlined in *Isaacs* v. *Huntington Memorial Hospital, supra,* 38 Cal.3d at pages 123-124 (see pp. 82-83, *ante*), to be considered in determining whether a duty of care may be imposed, lead to a different result than was reached in *Swaner*. Specifically, illegal racing on a public beach at night is more foreseeably harmful to other beach users and is more blameworthy than is a careless or negligent placement of otherwise legitimate luggage in a location where it may inconvenience or harm others. Further, airline passengers have a duty to exercise due care in moving safely from the ticket counter. Thus, since a court is entitled to consider the "totality of the circumstances" (*Isaacs, supra,* at p. 129) in determining whether a duty should be imposed, under these circumstances we conclude the trial court correctly ruled in favor of Port District on this issue. The Port District's citation to section 830.2 in its reply papers before the trial court provides additional support for the ruling and for our determination the ruling was correct.

Finally, Mrs. Gray argues triable issues remain for decision under section 835.4[5] as to whether Port District's acts or omissions in creating or failing to

---

[5] Section 835.4(a), applicable to dangerous conditions created by a public employee's act or omission, provides as follows: "A public entity is not liable under subdivision (a) of Section 835 for injury caused by a condition of its property if the public entity establishes that the act or omission that created the condition was reasonable. The reasonableness of the act or omis-

correct the alleged dangerous condition were reasonable. Since we have concluded the trial court correctly determined no dangerous condition existed as a matter of law, this contention is moot.

IV

Disposition

The judgments are affirmed.

Kremer, P. J., and Froehlich, J., concurred.

A petition for a rehearing was denied April 24, 1989, and appellant's petition for review by the Supreme Court was denied June 29, 1989.

.

---

sion that created the condition shall be determined by weighing the probability and gravity of potential injury to persons and property foreseeably exposed to the risk of injury against the practicability and cost of taking alternative action that would not create the risk of injury or of protecting against the risk of injury."

Section 835(b) is substantially similar except it applies to dangerous conditions of which the public entity had actual or constructive notice.