91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hilda SASSOON, Plaintiff-Appellant,
v.
KLM ROYAL DUTCH AIRLINES; Schiphol Airport, Defendants-Appellees.
 No. 95-55019.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided July 5, 1996.
 
 Before: FLETCHER, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hilda Sassoon sustained personal injuries when she tripped over luggage in a public access area in Schiphol Airport, Amsterdam, Holland. The district court granted summary judgment in favor of KLM Royal Dutch Airlines when it was determined that KLM did not own, possess or control the public access area.
 
 
 3
 Sassoon appeals and argues that there is a material issue of fact whether KLM exercised sufficient control over the public access area to give rise to a duty of care. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 * We review de novo a grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 Because the district court's jurisdiction was based on diversity of citizenship, state substantive law governs. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). California law controls the substantive issues. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 494 (1941); Hurtado v. Superior Court, 522 P.2d 666, 670 (Cal.1974).
 
 II
 
 6
 Under California law, it is a well-settled rule that a defendant cannot be held liable for dangerous conditions on property that it does not "own, possess, or control." Isaacs v. Huntington Memorial Hosp., 695 P.2d 653, 664 (Cal.1985). This is because "the duty to take affirmative action for the protection of individuals coming upon the land is grounded in the possession of the premises and the attendant right to control and manage the premises." Sprecher v. Adamson Cos., 636 P.2d 1121, 1126 (Cal.1981). "Without the 'crucial element' of control over the subject premises, no duty to exercise reasonable care to prevent injury on such property can be found." Gray v. America W. Airlines, Inc., 256 Cal.Rptr. 877, 879-80 (Ct.App.1989) (citation omitted) (quoting Schwartz v. Helms Bakery Ltd., 430 P.2d 68, 73 (Cal.1967)).
 
 
 7
 Sassoon failed to introduce any evidence that KLM owned, possessed or controlled the public access area where the fall occurred. KLM, on the other hand, introduced two affidavits declaring that the area was public space operated, maintained and controlled by NV Luchthaven, not KLM.
 
 
 8
 Relying on Southland Corp. v. Superior Court, 250 Cal.Rptr. 57 (Ct.App.1988), Sassoon argues that her failure to introduce evidence that KLM controlled the public access area should not have been fatal to her cause of action. We read Southland, however, to continue the rule that control over premises is necessary before one owes a duty to protect those coming upon the premises.
 
 
 9
 Because Sassoon failed to introduce evidence sufficient to create a genuine issue of material fact regarding control, the district court properly granted summary judgment in favor of KLM.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3