Filed 12/14/15  Webb v. Desert Bermuda Development Co. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MICHAEL L. WEBB, | |
| Plaintiff and Appellant, | E061826 |
| v. | (Super.Ct.No. INC081422) |
| DESERT BERMUDA DEVELOPMENT COMPANY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge.

Affirmed.

Eisenberg Law Firm and Mark W. Eisenberg for Plaintiff and Appellant.

Law Office of Doug Griffith and Doug Griffith for Defendant and Appellant

Desert Bermuda Development Company.

This lawsuit arises out of an airplane crash at the Bermuda Dunes Executive

Airport (Airport) that killed a flight instructor, Timothy D. Cleary (Cleary), and injured a

student pilot, plaintiff and appellant Michael L. Webb.  Defendant and appellant Desert

1

Bermuda Development Company (Desert Bermuda) operates the Airport. Plaintiff alleges that the accident was caused by Cleary being intoxicated at the time of the accident. He further alleges that Desert Bermuda negligently failed to protect plaintiff from the danger presented by the circumstance that Cleary "was known to drink before flying, and was known to provide flight lessons to members of the public, including plaintiff, while intoxicated."

Desert Bermuda sought summary judgment on two grounds: (1) under Business and Professions Code section 25602, "only Cleary was legally responsible for the injurious effects of his intoxication"; and (2) the preemptive effect of the Federal Aviation Act (FAA). The trial court found Business and Professions Code section 25602 inapplicable, but granted summary judgment in favor of Desert Bermuda on federal preemption grounds.

On appeal, plaintiff argues that California law is not preempted by the FAA on the facts of this case. He also contends Desert Bermuda's motion for summary judgment should have been denied because the separate statement in support of the motion failed to comply with California Rules of Court, rule 3.1350(d).[1] Desert Bermuda has cross-appealed, contending that the trial court erred by finding Business and Professions Code section 25602 inapplicable.

We find Desert Bermuda was properly granted summary judgment in its favor, and affirm.

---

[1] Further undesignated references to rules are to the California Rules of Court.

# I. FACTS AND PROCEDURAL BACKGROUND[2]

As the trial court noted, the facts on which Desert Bermuda's motion for summary judgment is based are not in dispute. Plaintiff, a student pilot, was injured, and his flight instructor, Cleary, was killed, in a plane crash that occurred during an instructional training flight at the Airport on October 28, 2007. Plaintiff alleged in his complaint, and Desert Bermuda has not disputed, at least for purposes of its motion for summary judgment, that Cleary was intoxicated at the time of the accident.

Desert Bermuda operates the Airport under a lease from the owner of the property. The Airport is a general aviation facility, with no airline operations or scheduled commercial passenger service. Cleary was not an employee of, or otherwise affiliated with, Desert Bermuda. Except for aircraft refueling service, which is run by Desert Bermuda, the various concessions at the airport—including Twin Palms Aviation, the flight school that employed Cleary, and of which plaintiff was a customer— are owned and operated by commercial tenants, to whom Desert Bermuda rents out space.

Approximately one month before the accident, Cleary was terminated from Twin Palms Aviation because he smelled of alcohol while on the job. Twin Palms Aviation shared this information with Desert Bermuda. Plaintiff contends that Desert Bermuda should have excluded Cleary from the premises of the airport on the basis of this information, and is liable in negligence for having failed to do so.

---

[2] An exhaustive factual and procedural history is unnecessary to the disposition of this appeal. We confine our discussion here to matters that are directly relevant, or useful for context.

Plaintiff initially filed this action on October 27, 2008. The case was removed to federal court by Twin Palms Aviation—then a defendant in the action, but since dismissed from the case (along with all other defendants, with the exception of Desert Bermuda). After substantial litigation, the United States Court of Appeals for the Ninth Circuit found a lack of subject matter jurisdiction, and ordered the matter remanded to state court. The only cause of action remaining at issue in the case is defendant's second cause of action for negligence, asserted against Desert Bermuda as the operator of the airport.[3]

Desert Bermuda filed its motion for summary judgment on February 24, 2014. The trial court heard oral argument on May 16, 2014, and issued a minute order granting the motion on May 20, 2014. Judgment was entered in favor of Desert Bermuda on July 8, 2014.

## II. DISCUSSION

### A. Desert Bermuda Was Properly Granted Summary Judgment.

Desert Bermuda argued on summary judgment that defendant's negligence claim against it failed, because plaintiff cannot show that Desert Bermuda violated any federal air safety standards. The trial court agreed, as do we.

The well-known principles generally governing appellate review of an order granting a motion for summary judgment are as follows: "A trial court properly grants

---

[3] Initially, the complaint mistakenly named Bermuda Dunes Airport Corporation as the operator of the airport and therefore the target of plaintiff's second cause of action; this error was apparently corrected by amendment, though the document that did so was not designated for inclusion in the record of this appeal.

summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. [Citation.] We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.] In the trial court, once a moving defendant has 'shown that one or more elements of the causes of action, even if not separately pleaded, cannot be established,' the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff 'may not rely upon the mere allegations or denials of its pleadings . . . but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that causes of action . . . .'" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476-477; Code Civ. Proc., § 437c, subd. (p)(2).) "In reviewing whether these burdens have been met, we strictly scrutinize the moving party's papers and construe all facts and resolve all doubts in favor of the party opposing the motion." (*Innovative Business Partnerships, Inc. v. Inland Counties Regional Center, Inc.* (2011) 194 Cal.App.4th 623, 628 [Fourth Dist., Div. Two].)

Under the FAA, federal standards—specifically those set in Federal Aviation Regulations (FARs) promulgated by the Federal Aviation Administration, acting under the authority granted to it by the Act— "'displace all state law on the subject of air safety.'" (*Booth v. Santa Barbara Biplane Tours, LLC* (2008) 158 Cal.App.4th 1173, 1180 (*Booth*) [quoting *Montalvo v. Spirit Airlines* (9th Cir. 2007) 508 F.3d 464, 472].)

5

Nevertheless, the FAA does not create a federal cause of action for personal injury suits.[4] Rather, state law causes of action may be invoked where violation of the federal standards regarding aviation safety results in personal injury or death. (*Booth*, *supra*, at p. 1181.)

On the undisputed facts, Cleary certainly violated federal standards regarding aviation safety by flying and supervising a student pilot while under the influence of alcohol. (See 14 C.F.R. § 91.17(a) (2015) [forbidding any person from acting as a crew member of any civil aircraft "[w]hile under the influence of alcohol"; 14 C.F.R. § 91.13 (2015) ["No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."].) Under the FARs, however, the burden of complying with standards relating to alcohol consumption and flying a civil aircraft is squarely on the pilot (or other "crewmember of a civil aircraft"), not the airport out of which the aircraft is flying. (14 C.F.R. § 91.17(a) (2015).) As such, plaintiff cannot show a violation of the federal standards regarding aviation safety by Desert Bermuda. Indeed, plaintiff has never alleged or argued otherwise.

Instead, plaintiff attempts to reframe the issue from one of aviation safety to one of premises liability. While aviation safety is a field that is entirely preempted by federal standards, premises liability on the part of the owners or operators of airports is not. Thus, where a plaintiff is injured by a dangerous condition of the airport premises—a tripping hazard, say—the normal standards of state law personal injury actions apply.

---

**4** Hence the Ninth Circuit's finding of a lack of subject matter jurisdiction at an earlier stage in this litigation, and order remanding the matter to state court.

(See, e.g. *Gray v. America West Airlines, Inc.* (1989) 209 Cal.App.3d 76, 80, 82-89 [applying state law standards regarding personal claim based on allegedly negligent maintenance of property at ticket counter of an airport, resulting in trip and fall injury].) According to plaintiff, Desert Bermuda was negligent because it failed to provide adequate security on the grounds of the Airport, failing thereby to prevent Cleary— allegedly known to be unsafe to fly, because of his alcohol use—from entering the airport, and in particular giving plaintiff a flying lesson.

We are not persuaded by plaintiff's attempt to shoehorn his claim against Desert Bermuda into a premises liability framework. Plaintiff was injured by Cleary's decision to fly an aircraft while intoxicated, not any condition of the Airport premises. Plaintiff has not cited any case in which an airport operator—let alone a general aviation airport operator—has been held liable for failing to prevent a pilot from violating federal aviation standards by flying while intoxicated, nor have we discovered any such case. Case law involving injuries more directly caused by the condition of airport property, such as negligent maintenance of the floors in a terminal building (*Butcher v. City of Houston* (S.D. Tex. 1993) 813 F.Supp. 515, 518) or tripping hazards near airport ticket counters or baggage areas (*Gray*, *supra*, 209 Cal.App.3d at p. 80; *Garrett v. American Airlines, Inc.* (5th Cir. 1964) 332 F.2d 939, 941) is simply inapposite. We see no appropriate basis to extend the common law proprietary duties of those who operate and control airport premises for the safety of patrons *on the grounds of the airport* to duties to monitor and at least indirectly control pilots' safe operation of airplanes in flight, particularly in light of the complete federal preemption of the field of aviation safety.

7

Similarly, the right of a municipality that operates an airport to establish reasonable noise ordinances for aircraft, or to control the number and type of airplanes that are welcome to fly out of the facility, has little if anything to do with the present case. (See, e.g., *Santa Monica Airport Ass'n. v. City of Santa Monica* (9th Cir. 1981) 659 F.2d 100.)

In short, the undisputed facts show plaintiff was injured by Cleary's reckless violation of federal aviation safety standards by flying while intoxicated, which resulted in a crash. Plaintiff cannot, however, show that *Desert Bermuda* has any responsibility for Cleary's actions, either under federal aviation safety regulations, which impose no such responsibility, or state tort law standards, which are preempted from the field of aviation safety. As such, summary judgment in favor of Desert Bermuda was properly granted.

## B. Plaintiff's Contention that Procedural Defects Mandate Denial of Desert Bermuda's Motion Is Without Merit.

Plaintiff contends that Desert Bermuda's motion for summary judgment should have been denied because its Separate Statement of Material Facts was procedurally defective. He argues that Desert Bermuda failed to comply with the mandate of rule 3.1350(d), because its Separate Statement of Material Facts did not separately identify "each cause of action, claim, issue of duty, or affirmative defense, and each supporting material fact claimed to be without dispute with respect to the cause of action, claim, issue of duty, or affirmative defense." (Rule 3.1350(d).)

This argument fails, because the format used by Desert Bermuda is the one described in rule 3.1350(h). The requirement for separately identified issues applies only

for "[s]upporting and opposing separate statements in a motion for summary adjudication . . . ." (Rule 3.1350(h); see also rule 3.1350(b).) Because Desert Bermuda's motion "sought summary judgment, rather than summary adjudication of a subissue, [its] statement met the requirements of rule 3.1350 without the necessity of separately listing subissues as to which summary adjudication was sought." (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118 (*Truong*).) The trial court was correct to reject plaintiff's claim that the motion was procedurally defective.

Moreover, "the court's power to deny summary judgment on the basis of failure to comply with [rule 3.1350] is discretionary, not mandatory." (*Truong*, *supra*, 181 Cal.App.4th at p. 118.) Plaintiff has failed to explain how any purported deficiency in Desert Bermuda's separate statement impaired his ability to marshal evidence in opposition to the motion, particularly given that the facts at issue are relatively straightforward, and undisputed. Even if plaintiff had demonstrated procedural error on the part of Desert Bermuda—and he did not—it would have been well within the trial court's discretion to resolve the motion on the merits nevertheless.

## C. Desert Bermuda's Cross Appeal Is Moot.

In light of our conclusion that summary judgment was properly granted in favor of Desert Bermuda for the reasons discussed above, Desert Bermuda's cross-appeal, challenging the trial court's finding that Business and Professions Code section 25602 is inapplicable to the facts of this case, is moot. (*People v. J.S.* (2014) 229 Cal.App.4th 163, 170 [Fourth Dist., Div. Two] ["as a general matter, an issue is moot if 'any ruling by

9

[the] court can have no practical impact or provide the parties effectual relief'"].)  We therefore need not, and do not, discuss the issue.

III. DISPOSITION

The judgment appealed from is affirmed.  Desert Bermuda is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
          J.

MILLER
          J.