Filed 7/15/13  Aslan v. Harrel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| J. ASLAN, | C069072 |
| Plaintiff and Appellant, | (Super. Ct. No. 392010249494CUCOSTK) |
| v. | |
| J. HARREL et al., | |
| Defendants and Respondents. | |

The in pro. per. plaintiff in this case is trying hard to reap the benefits of owning a condominium without taking legal title.  Her first amended complaint is not directed to her elderly mother, the trustee of the trust that holds legal title to the property, however, but to the lawyers she alleges should have protected her interest and completed a transfer of title to her daughter.  The trial court sustained without leave to amend the lawyers' demurrer to the five causes of action for breach of contract, fraud, and breach of fiduciary duty.  We affirm.

## PLEADING

Because this is an appeal of a judgment of dismissal following the sustaining of a demurrer without leave to amend, we must assume the truth of the material factual

1

allegations properly pleaded in the first amended complaint. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) A demurrer raises questions of law, not fact, and tests the legal sufficiency of the pleadings. (*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 994.) We will take judicial notice of any admissions or inconsistent statements plaintiff made in her original complaint, and in the absence of a satisfactory explanation for the inconsistency, we will consider them in reviewing the propriety of the demurrer. (*Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 383-384; *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1034.)

The first amended complaint, unlike the original, utilizes a Judicial Council form with multiple attachments. Plaintiff J. Aslan, who is appearing in propria persona, is divorced, estranged from her siblings, at odds with her mother, and suffering a number of debilitating health disorders. She alleges that she invested her "life savings" coupled with a generous gift from her parents to buy a condominium in Los Angeles in October of 1997. Fearful that her husband might obtain an interest in the property in what she anticipated would be upcoming divorce proceedings, she asked her parents to hold title to the property in the name of the family trust while she retained equitable ownership. They agreed. She continues to reside in the condominium with her daughter. Her father died in February of 2007, and her mother became sole trustee of the family trust.

Plaintiff alleges that in October of 2007 she entered into a written contract with defendants, the Calone Law Group, LLP, and one of its partners, Jason Harrel. Plaintiff does not attach the contract as an exhibit to the complaint, nor does she describe in detail the terms of the agreement. She does allege, "Plaintiff engaged defendants J. HARREL and CLG to perform legal services on behalf of Plaintiff as client. The objective of the services was to ensure that plaintiff could get clear title to the CONDO at 10535 Wilshire Boulevard, Los Angeles, of which Plaintiff was the equitable owner since its purchase on October 23, 1997, and to protect the CONDO against any liens or claims whether by creditors or family members asserting false claims to an interest in the CONDO not

2

approved by Plaintiff." Payment for defendants' services was to be made by plaintiff's mother. Plaintiff's exhibit B, which is attached to the first amended complaint, is an invoice from defendants and is addressed to plaintiff's mother's address in Stockton, California. The matter is identified as "IRS & Franchise Tax Board Collection."

In March 2008 Ruth Ann Becker, plaintiff's mother, wrote a letter to defendants that from their point of view is fatal to all of plaintiff's five causes of action. Mrs. Becker wrote, in pertinent part: "Last summer I told my estate attorney, Ms. Audrey Wyllie, that I wished to skip the life estate interest in favor of my daughter, Joan 'Mimi' Becker, in the condominium at 10535 Wilshire Blvd., Unit 812, Los Angeles, CA and to instead deed the property over to my granddaughter, I. R. Aslan, immediately. However, she told me that she would not do that as your firm had done work on the trust. So the change was not made at that time. I am not sure what the protocol between law firms is in this regard, but I would like to get this done.

"Could you please prepare a deed for my signature as trustee of the Becker-Rogers Trust so that the transfer can be done now?"

In the original complaint, plaintiff alleged that her mother "kept vacillating" about transferring title. In both iterations, she admits that her mother changed her mind and decided not to transfer the title. She alleges that without her knowledge defendants persuaded her mother not to complete the transfer and, in so doing, breached their fiduciary duty to her. Plaintiff does not allege that her mother, as trustee, ever intended to transfer title to her. Indeed, to the contrary, plaintiff alleges that her mother was to transfer title to plaintiff's daughter, "who had agreed to hold title on behalf of Plaintiff as a fiduciary."

Defendant's demurrer to the original complaint's three causes of action was sustained with leave to amend. The court ruled, in relevant part: "As to all causes of action . . . there are fatal pleading defects which can probably never be cured. . . . All damages alleged are speculative and uncertain; causation is speculative and not properly

3

plead . . . . Further, Plaintiff appears to lack standing as only Plaintiff's mother could compel the transfer of property Plaintiff sought from the mother's trust, as the mother is still alive and presumably competent. Plaintiff has failed to establish any contract between herself and Defendants, and has failed to state material terms or attach copies of the alleged contracts. . . . Throughout the pleading, Plaintiff fails to allege that she would have received the record title to the subject property if the transfer had occurred as she desired. The complaint fails to allege loss or damage due to Defendants' negligence, as required."

Nevertheless, the court gave plaintiff the opportunity to amend her complaint "since this was Plaintiff's first attempt at pleading." Her second attempt refashioned the same allegations into five causes of action including breach of contract, intentional/negligent misrepresentation, concealment, fraud by promise without intent to inform, and breach of fiduciary duty. Again, each cause of action is predicated on defendants' purported failure to transfer title out of the trust. She admits her mother is the sole trustee who, in March of 2008, before she changed her mind, requested defendants to transfer title of the condominium to plaintiff's daughter.

The trial court granted defendants' demurrer to the first amended complaint on multiple grounds. We find the court's logic compelling. "Plaintiff's mother rejected the notion of transferring the property out of the trust to Plaintiff's daughter, which is clearly in contrast to Plaintiff's desires. Even had the transfer of the L.A. condo occurred as Plaintiff desired, **she would not** have received record title to it as it was only contemplated that Plaintiff's daughter would have been the recipient of record title to that property. Plaintiff's [first amended complaint] does not state that she would have received record title to the subject property pursuant to her mother's March 2008 transfer instruction. [¶] . . . [¶]

". . . In all of Plaintiff's claims she seeks damages from Defendants for failing to effectuate the transfer of the LA condo out of her mother's trust and advising Plaintiff's

mother against the property transfer, resulting in damages to Plaintiff. Thus, Plaintiff's claimed damages arise from her failure to hold legal record title to the LA condo property. However, since Plaintiff does not plead that she would have received title even if the property transfer occurred, Plaintiff cannot claim damages from the lack of transfer."

The demurrer was sustained this time without leave to amend. Plaintiff appeals.

## DISCUSSION

The trial court sustained the demurrer on multiple grounds including, among others, standing, causation, and damages. We agree with defendants that plaintiff's failure to state a claim of damages renders each of the causes of action deficient as a matter of law. Because the failure to plead viable damages is fatal to plaintiff's lawsuit, we need not address the other grounds on which the demurrer was sustained.

Plaintiff alleges in her first amended complaint, as she did in the original complaint, that her mother, as trustee, was prepared to transfer title to her daughter. She contends defendants breached their contract and fiduciary duties by accepting her mother as a client, without plaintiff's knowledge, after agreeing to represent plaintiff; by dissuading her mother from transferring title; and by failing to effectuate the transfer. In short, plaintiff believes her lawyers turned against her, they had a conflict of interest by representing her mother and the trust after plaintiff had hired them, and they favored her mother's and the trust's interest in the property.

Plaintiff alleges that the value of her condominium plummeted after her mother requested defendants to transfer title, and thus, as a result of her mother's failure to transfer title, plaintiff suffered a significant monetary loss. Had she not sold the condominium to the family trust when the market was at its peak, she alleges she could have used the equity to make investments. On appeal, she insists these allegations of damages were sufficient to overcome a demurrer.

5

Plaintiff, however, fails to appreciate the fatal flaw in her pleading was not related to the diminution in value or lost opportunity costs but the fact she alleged that her mother was prepared to transfer title to plaintiff's daughter, *not* to plaintiff. According to plaintiff, therefore, *even if* defendants had effectuated the transfer the trustee had requested in March of 2008, plaintiff still would not have obtained title. Without title, she could not have suffered any damages.

Plaintiff suggests that her daughter would have transferred title to her and then she would have sold the condo or invested the equity. We agree with defendants and the trial court that heard the demurrers that plaintiff's allegation is too speculative and uncertain. Whether her daughter would or would not have transferred title is pure speculation. In the absence of legal title, plaintiff did not sustain damage as a result of any dereliction of duty or breach of contract by defendants.

## DISPOSITION

The judgment is affirmed.

                                                              RAYE          , P. J.

We concur:

       HULL          , J.

       MAURO       , J.