Filed 11/10/22  Davis v. Porsche Cars of North America CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| EARNEST A. DAVIS, | |
| Plaintiff and Appellant, | E077395 |
| v. | (Super.Ct.No. RIC2001180) |
| PORSCHE CARS OF NORTH AMERICA et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. John W. Vineyard, Judge. Affirmed.

Earnest A. Davis, in pro. per., for Plaintiff and Appellant.

Brownfield Law, Nevin C. Brownfield; Sweeney and Michael P. Sweeney for Defendant and Respondent, Porsche Cars North America, Inc.

Law Office of Mark W. Hansen and Mark W. Hansen for Defendants and Respondents, Mark Bowman and Christopher Baesen.

No appearance by Defendant and Respondent, Edward McRae.

No appearance by Defendant and Respondent, Doktor Ingenieur Honoris Causa Ferdinand.

No appearance by Defendant and Respondent, Adrian Madrid.

In 2018, after his insurance company awarded him $34,000 for the total loss of his car due to irreparable electrical damage, plaintiff Earnest A. Davis sued the insurance company (GEICO[1]) and the Porsche dealership GEICO had selected for repairs, alleging they had conspired together to intentionally damage and refuse to repair his car so a preferred customer of the repair shop could purchase it. That lawsuit, *Earnest Davis v. Walter's Auto et al.*, Riverside County Superior Court case No. RIC1806371 (*Davis I*), was dismissed at the pleading stage after the judge determined all of the claims were time-barred, and we upheld that ruling on appeal. (*Davis v. Government Employees Insurance Company* (Aug. 15, 2022, E074317) [nonpub opn.].)

Several months after dismissal of that action, Davis filed a nearly identical lawsuit against the car's manufacturer—Porsche Cars North America, Inc. (Porsche)—and two GEICO employees alleged to have some involvement in the adjustment of his claim—Mark Bowman and Christopher Baesen. Because Davis's new claims were based on the same alleged facts as his previously dismissed claims, Baesen and Bowman responded by filing a demurrer arguing the suit was time-barred, and Porsche made the same argument in a motion for judgment on the pleadings. Unsurprisingly, the trial judge agreed the

---

[1] GEICO stands for Government Employees Insurance Company.

claims were time-barred and sustained the demurrer and granted the motion for judgment on the pleadings, both without leave to amend. However, before entering judgment on that basis, the judge dismissed the entire lawsuit for an entirely independent reason: Davis's failure to file proofs of service of summons as to all of the defendants.

Davis now appeals from the judgment dismissing his second lawsuit. He argues the judge erred by failing to enter default against Porsche, Baesen, and Bowman. We find Davis's argument baseless and affirm.

# I

# FACTS

A.      *The Previous Lawsuit*

In April 2018, representing himself, Davis sued Riverside Porsche dealership Walter's Auto Sales and Service, Inc. and its service manager (collectively, Walter's) for $2.2 million, alleging they intentionally vandalized his 1998 Porsche 993 Series 911 Carrera Cabriolet so they could pressure him into selling it to another customer. Later on, Davis added GEICO as a defendant, claiming they conspired with Walter's to deem his car a total loss.

Davis alleged his car was damaged when a tow truck operator dispatched by GEICO to jumpstart the engine placed the cables on the wrong battery terminals, resulting in an unusual electrical surge. GEICO selected Walter's to perform the repairs, and Walter's determined the car had suffered severe electrical damage and needed a new passenger compartment main wiring harness. According to Davis, the repairs were going

3

well until Walter's decided they'd rather sell his car to a customer who collected rare automobiles. To achieve that end, Walter's removed the new passenger compartment main wiring harness they had installed, sent it back to the manufacturer, and told Davis the damage was irreparable because a necessary part was permanently out of stock. GEICO adjusted Davis's claim to a total loss and the umpire appointed under the terms of the insurance contract issued a binding award of $34,000, which fell far short of the $107,522 Davis claimed his car was worth.

Davis's specific allegations are summarized in detail in our previous opinion. For our purposes, it suffices to say Davis alleged in his first three complaints a timeline of events that demonstrated he knew Walter's was engaged in misconduct as early as November 2014 and certainly by the end of January 2015.

GEICO and Walter's demurred on several grounds, including statute of limitations. They argued Davis's claims accrued, at the latest, in January 2015. Davis—who was represented by counsel by that time—did not oppose GEICO's demurrer, and as a result, the trial judge dismissed the claims against GEICO with prejudice. As to the claims against Walter's, the judge agreed they had accrued in January 2015 at the latest and therefore were barred by the applicable three-year statute of limitations. The judge sustained Walter's demurrer without prejudice to give Davis an opportunity to allege facts explaining why his claims were not time-barred.

Davis's third amended complaint failed to allege any such facts. Instead, he simply deleted the allegations showing he learned of misconduct in November 2014 and then

4

again in January 2015 and added a conclusory allegation that he first became aware of the wrongdoing in July 2016. Shortly after filing this complaint, Davis began representing himself again. Walter's demurred, the trial judge sustained the demurrer under the sham pleading doctrine and entered judgment in favor of the defendants in October 2019.

Davis appealed from that judgment and, as he did in the trial court, he continued to ignore the statute of limitations issue. Instead, he reiterated his underlying allegations of conspiracy and levied accusations of incompetence and racism at the trial judge. We issued an opinion affirming the judgment and explaining why all of Davis's claims were time-barred. (*Davis v. Government Employees Insurance Company*, *supra*, E074317.)

B.      *The Current Lawsuit*

In March 2020, four and a half months after his first lawsuit was dismissed, Davis filed this action, which is identical to his first except for the named defendants. Based on the same alleged set of facts as *Davis I*, the initial complaint in this lawsuit asserted seven causes of action against Porsche, Baesen, Bowman, and other defendants not a party to this appeal. Davis alleged Porsche took part in the conspiracy to defraud him of his car by preparing a false document to support Walter's claim that a necessary part was permanently out of stock. He also added an allegation that, on July 25, 2016, GEICO denied a "vandalism" claim he had submitted based on Walter's act of "sabotage" in removing the newly installed harness.

In July 2020, Porsche filed an answer asserting a general denial and several affirmative defenses, including the obvious defense of statute of limitations. In October

5

2020, Baesen and Bowman filed a demurrer arguing, among other things, that Davis's claims were time-barred. Davis responded by filing an amended complaint that, like his third amended complaint in *Davis I*, deleted all of the allegations showing when he first learned of the alleged misconduct. He also removed five causes of action, leaving only negligence and trespass to chattels.

On December 10, 2020, Baesen and Bowman filed a demurrer to the amended complaint, arguing the negligence and trespass to chattels claims were subject to the sham pleading doctrine and time-barred. In a supporting declaration, their counsel, Mark Hansen, informed the judge of Davis's attempts to take their default on the initial complaint and attached his email correspondence with Davis on the subject. The emails showed that in September 2020, Hansen had written Davis to say his clients had not been served with the complaint and that Davis had responded, to Hansen's surprise, that he had already filed requests for entry of default against them.

Unaware of any such filings, Hansen searched the register of actions and discovered Davis had *attempted* to file "four separate requests for entry of default against four unspecified defendants on September 15, 2020" but, according to the register, the court had not accepted the filings "due either to a proof of service not having been filed, or due to the name of the defendant listed in the request for default not matching the name of the defendant in the Complaint, or due to both reasons." Hansen explained that, based on Davis's conduct, he decided to "go ahead and finalize and file this demurrer as

soon as reasonably possible, thereby avoiding the possible need to incur the expense of preparing and filing a motion to set aside defaults against my clients."

On January 13, 2021, Davis filed an opposition to Baesen and Bowman's demurrer. The opposition was late and, at 32 pages of argument, far exceeded the 15-page limit in California Rules of Court, rule 3.1113(d). Despite its length, the opposition did not address the issue of statute of limitations. Instead, Davis argued Baesen and Bowman should not be allowed to file a demurrer because they were in default.[2] He claimed he had served them with the complaint on March 25, 2020, and when they didn't respond, he filed requests for entry of default against them on May 1, 2020. He argued, "[t]he 5/1/2020 filings of the requests for entry of default should prevent both defendants from filing a response, as these requests for entry of default completely cuts off their respective rights to appear in the action."

In their reply, Baesen and Bowman argued Davis's default theory was baseless because: (1) he had not served them with the initial complaint; (2) the "General Order Re: Civil Division Emergency Reorganization" that Riverside Superior Court issued on April 22, 2020 in response to the Covid-19 Pandemic had paused the default procedure and was in effect in May, 2020, when Davis claimed to have filed his requests; and (3) no default had been taken against them when they *voluntarily* responded to the initial complaint in October 2020.

---

[2] Davis devoted most of his opposition to reiterating the arguments from his first lawsuit that essentially everyone involved in the case was racist and corrupt. As we explained in our prior opinion, the record contains no support for these claims. (*Davis v. Government Employees Insurance Company*, *supra*, E074317.)

In advance of the hearing, Riverside County Superior Court Judge John Vineyard issued a tentative ruling sustaining the demurrer on the ground the claims were time-barred. The judge rejected Davis's default theory on the ground that Davis had never filed proofs of service of the initial complaint as to Baesen or Bowman (or, for that matter, Porsche). On February 10, 2021, the judge heard argument from the parties, then adopted the tentative ruling and sustained the demurrer without leave to amend.

On February 19, 2021, Baesen and Bowman filed a proposed judgment reflecting the ruling. On February 25, Davis filed a motion for reconsideration, which the judge denied because it was not based upon any new facts or law. The judge concluded Davis's motion was frivolous and, on his own motion, issued an order to show cause as to why Davis should not be sanctioned in the amount of $1,500. During the same month, Porsche filed a motion for judgment on the pleadings, arguing, among other things, that Davis's complaint was time-barred.

On April 21, 2021, the judge held a hearing on Porsche's motion followed by a case management conference. The judge granted the motion, and continued the case management conference for 60 days, ordering Davis to show cause why his lawsuit should not be dismissed based on his failure to file proofs of service as to all of the defendants. On June 16, 2021, the judge sanctioned Davis in the amount of $1,000 for filing a frivolous motion for reconsideration.

Two days later, on June 18, the judge issued an order dismissing the entire action based on Davis's failure to file proofs of service as to Porsche, Baesen, and Bowman.

(See Cal. Rules of Court., rule 3.110(b) ["The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint"].) On June 22, 2021, the judge entered judgment in favor of defendants and dismissed the action in its entirety.

## II

## ANALYSIS

As far as we can discern, Davis's 49-page opening brief contains a single argument for reversal—that dismissal of his lawsuit was improper because the judge should have granted his requests for entry of default against Porsche, Baesen, and Bowman instead. Not only is this argument conclusory (Davis has not provided any legal or factual support for it), it is also patently baseless because Davis never filed proofs of service for Porsche, Baesen, or Bowman, nor did he ever actually file any requests for entry of default. A judge cannot err by failing to grant a request that was never made, and serving a defendant with the complaint is an obvious prerequisite to obtaining a default judgment against them. (Code Civ. Proc., § 585; Cal. Rules of Court., rule 3.110.)

But the problem with this appeal is more serious than Davis's failure to support his default theory with "cogent argument, legal authority or specific citations to the record on appeal." (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) The bigger issue is that the underlying action "indisputably has no merit" and Davis's strategy for pursuing his baseless claims has been to levy equally baseless

9

personal attacks against the judges presiding over his lawsuits. (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek*).)

For the second time, Davis filed a sham pleading with the trial court in an attempt to avoid the fact his claims are well past the applicable statutes of limitations. That Davis wasn't represented by counsel during his second lawsuit is of no consequence. We hold self-represented litigants to the same standards as attorneys (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543), and, more to the point, Davis has been warned on multiple occasions (by this court as well as by both trial judges) that he cannot avoid the timing defects in his initial complaints by deleting the troublesome allegations *without explanation* in subsequent pleadings. (*Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 384.)

In addition to his stubborn pursuit of time-barred claims, Davis has also adopted the same improper approach in this appeal as he did in his previous one. Rather than address the applicable three-year statute of limitations for trespass to chattels and negligence resulting in damage to personal property (Code Civ. Proc., § 338 subd. (c)(1)), he chose to dedicate his briefing on appeal to insulting the judges who dismissed his lawsuits, accusing them of being corrupt, unintelligent, and racist. Not only are these arguments unsupported by the record, they are highly inappropriate. "The Court of Appeal is not . . . [the] forum to peddle far-fetched conspiracy theories . . . disguised as a legitimate appeal. Nor is it a forum to launch personal attacks against an arbitrator," or as is the case here, a judge. (*Malek*, *supra*, 58 Cal.App.5th at pp. 835-836.)

10

Under California Rules of Court, rule 8.276, filing an indisputably meritless appeal is ground for sanctions. (See *id.*, rule 8.276(a)(1) [appellate courts may, even on their own motion, impose sanctions on a party who files a frivolous appeal]; see also *Malek*, *supra*, 58 Cal.App.5th at pp. 834-837 [imposing sanctions on appellant for filing a frivolous appeal based on unfounded and offensive conspiracy theories].) Davis has already been sanctioned once by the trial judge for filing a frivolous motion. If he doesn't want to face sanctions again, he would do well to put his inappropriate tactics to rest.

## III

## DISPOSITION

We affirm. Davis shall bear costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

11