[Civ. No. 12597.   Second Dist., Div. One.   Dec. 23, 1941.]

Q. A. KNOUSE, Appellant, v. EDWARD MARION SHU-
BERT et al., Respondents.

Wm. J. Hanlon for Appellant.

Dempster & Dempster, C. W. Dempster and J. H. Creighton for Respondents.

YORK, P. J.—This is an action to establish a trust in real property and for a reconveyance thereof, as well as for an accounting of rents collected therefrom. At the conclusion of trial before the court sitting without a jury, judgment was rendered in favor of defendants. This appeal is taken from such judgment on the ground that there is an utter lack of evidence to support it.

An examination of the record herein discloses that respondent Bernice Muriel Shubert is a niece of appellant's wife and after the death of the latter on January 4, 1934, Mrs. Shubert went to reside with appellant and his aged mother where she remained until October, 1937, doing the housework, including the laundry, collecting rents from properties owned by appellant and driving him around in his automobile while he transacted his business.

During this period said respondent obtained a divorce from her husband, whose name was Palmer, and took her maiden name of Edwards, later marrying the respondent Edwin Marion Shubert.

Three pieces of real estate, referred to herein as Alta Vista property, the 77th Street and the 107th Street properties, are involved in this appeal, two other parcels having been eliminated by stipulation during the trial, and the defendants Leask dismissed from the action.

The 77th Street and 107th Street properties were conveyed by appellant to respondent under the name of B. Edwards on January 4, 1936. The Alta Vista property was conveyed to her under the name of B. Palmer on May 14, 1935, by one Minnie Jacobs, the record owner of said parcel which theretofore had been given as security for a loan in favor of appellant. This conveyance was made by Mrs. Jacobs at the request of appellant and recited a consideration of $300.

Appellant claims that he frequently deeded real estate to respondent Bernice Shubert with the oral understanding that she should deed it back to him when requested, and it is conceded that such agreement was carried out with respect to properties other than the parcels which form the basis of the instant litigation. It is contended by appellant that

these three parcels were conveyed to said respondent without consideration, that she has deeded them to herself and her husband as joint tenants, and that she holds them in trust for the use and benefit of appellant. There is no claim made of a fraudulent intent on the part of said respondent.

Respondents set up in their answer, among other things, the separate defenses: (1) that appellant made the "deeds to said Bernice Muriel Shubert for the purpose and with the intent to hinder, delay and defraud the creditors of said plaintiff"; and (2) that said property "was deeded to her as a gift, plaintiff stating to her on many occasions that he intended that she should have a good part of his property."

In support of the latter defense, respondent Bernice Muriel Shubert testified as follows:

"Oh, he told me he was remembering me in his will, he was going to give me a portion of what he had. About the property, the Alta Vista property, he told me he wanted me to have that for my home, and the other two properties, there was one on 77th Street and one on 107th Street, he told me he wanted me to have those in case anything happened that I would not be able to make my living, that the income from those would take care of me." Also, that she was out of the city when the Alta Vista property transaction took place and when she returned appellant gave her the deed and told her what it was; that he gave her the 77th Street and 107th Street properties a few days before her marriage to respondent Edwin Marion Shubert; that she had not refused to deed back to appellant any property which he told her he expected to take back.

The document which conveyed to respondent the 77th and 107th Street parcels reads as follows:

"In consideration of Ten Dollars Q. A. KNOUSE does Hereby Grant to B. EDWARDS all that Real Property situate in the City of and County of Los Angeles, State of California, described as follows:

"Lot 10 in Block 21 of Tract 5107 as per map recorded in Book 54 pages 67–68–69 and 70 of Maps, Records of said County;

"Lot 25 Block 14 of Tract 6110 as per map recorded in Book 78 Pages 59 and 60 of Maps, Records of said County.

"Witness my hand this 4″ day of Jan. 1936.

"(Signed) Q. A. KNOUSE"

Although appellant alleges a lack of consideration therefor and an oral promise to reconvey the real estate conveyed thereby, there is nothing on the face of the document itself indicating it was anything other than an unconditional grant of the fee simple title to the lots therein described.

In *Smith* v. *Butler*, 84 Cal. App. 90 at 94 [257 Pac. 581], the court stated, quoting from *Tillaux* v. *Tillaux*, 115 Cal. 663, 668 [47 Pac. 691] : " 'A deed by the owner of land, duly signed and acknowledged by him and delivered to the grantee, conveying the land to the latter in fee simple, is one of the most solemn of civil acts. It is not a thing to be played with, or reclaimed at pleasure, as a hawk in falconry. It is not void on account of either want or failure of consideration; nor does want or failure of consideration raise a resulting trust. Leading authorities declaring this principle are cited in the opinion of the supreme court of Michigan in *Jackson* v. *Cleveland*, 15 Mich. 94 [90 Am. Dec. 266]. The court, among other things, says: ''A voluntary deed, which purports to be for the beneficial use of the grantee, and which was made deliberately and without mistake or contrivance, does not differ from any other deed in binding the grantor, and can only be attacked by those having superior equities which the grantor had no right to cut off— as creditors and the like. . . . This doctrine of resulting trusts has never been applied to mere voluntary conveyances. Mere want of consideration has never raised resulting trusts out of these.'' . . . A court of chancery has never ventured, against the express will of the donor appearing on the face of the deed, ''to take the use from the donee, and give it back to the donor'' '.'' It is also said in the cited case, quoting from Devlin on Deeds, section 834: '' 'But parol declarations cannot be received with this object, for in these cases there exists no resulting or presumptive trust, and the admission of such evidence would be for the purpose of contradicting the written instrument, and establishing a trust in the very teeth of the statute of frauds.' ''

In the absence of a showing of fraud or undue influence, it would appear from the foregoing that a resulting trust cannot be predicated upon a voluntary and unconditional grant of real estate.

Turning to the Alta Vista property which was transferred to respondent Bernice Muriel Shubert by Minnie

Jacobs at the request of appellant, who paid the purchase price thereof, this transaction raises the presumption of a resulting trust in favor of appellant under the provisions of section 853 of the Civil Code. However, such presumption is rebuttable and "oral declarations of the payor's intention to make a gift to the transferee are admissible to show that the payor intended that the transferee should have the beneficial interest in the property, even though the property transferred was an interest in land and the Statute of Frauds is in force. Such declarations are admissible, whether made before or at the time of or subsequent to the transfer. As the resulting trust arises from parol evidence so it may be rebutted by parol evidence." (Restatement of the Law—Trusts, section 441, Comment b, p. 1348.)

█ A careful examination of the record and a thorough review of the testimony produced on behalf of the parties herein reveal that, while there is evidence in favor of appellant's theory of the case, there is also ample evidence to support the findings of the trial court upholding respondents' contentions. Such testimony, in line with the contradictory statements and inconsistent claims of the parties, is irreconcilably conflicting. That being so, "the findings of the trial court are conclusive. 'The rule adverted to above, that the jury [or the court sitting without a jury] is ordinarily the sole judge of the weight of evidence and credibility of witnesses, applies with great force in a case of conflict. . . . ' (10 Cal. Jur. pp. 1171, 1172, sec. 382, 383, citing (authorities) . . . )." *McKean* v. *Alliance Land Co.*, 200 Cal. 396, 398 [253 Pac. 134].

The judgment is affirmed. The appeals from the orders denying motions for new trial and to vacate the judgment are dismissed.

Doran, J., and White, J., concurred.