Filed 5/1/23 Estate of Yoder CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| Estate of THEODORE YODER, Deceased. | C094346 |
| KELLEY DUPREE, | (Super. Ct. No. 29522) |
| Petitioner and Appellant, | |
| v. | |
| DAVID YODER et al., | |
| Objectors and Respondents. | |

Appellant Kelley Dupree claims her father gifted her a piece of real property during his lifetime but held the legal title for her benefit. Almost three years after her father died, appellant filed a petition seeking an order directing his estate to transfer legal title to her. The probate court sustained the demurrer of respondents David Yoder, William Yoder, and Tracey Leachman (respondents) without leave to amend, finding appellant's claim was time-barred by Code of Civil Procedure section 366.3,[1] which sets

---

[1] Undesignated section references are to the Code of Civil Procedure.

1

a one-year statute of limitations for claims seeking distribution from an estate based on a promise or agreement by a decedent.

On appeal, appellant contends that section 366.3 does not apply because she does not seek a distribution from her deceased father's estate. Rather, she seeks to enforce her right to legal title as the rightful owner of the property pursuant to a gift made while her father was still alive. Thus, she contends her petition is not governed by section 366.3. We disagree. Accordingly, we affirm the probate court's order sustaining respondents' demurrer.

FACTUAL AND PROCEDURAL BACKGROUND

Consistent with the standard of review, we draw our statement of facts from the allegations of appellant's petition and matters subject to judicial notice. (*Pierce v. San Mateo County Sheriff's Dept.* (2014) 232 Cal.App.4th 995, 1002.)

In 2013, the house owned by appellant's father was destroyed in a wildfire. At the time, appellant's father owed more than $202,000 on a variable rate mortgage secured by the property, and he had no direct insurance coverage for the loss. Appellant investigated and learned that the mortgagee had a "forced place" insurance policy that could be used to reconstruct the home, up to the appraised value of the house (approximately $150,000).

Appellant's father did not want to take on the burden of rebuilding the house, so he told appellant that he would give the property to her if she would rebuild the house and make all further property tax, insurance, and mortgage payments. Appellant accepted his proposal. Thus, pursuant to their agreement, appellant and her husband took possession of the property, built a new house, and made improvements to the property using the "insurance proceeds as well as their own money, together with the efforts and contributions of friends and family members." They also assumed responsibility for paying all future tax, insurance, and mortgage payments. Appellant's father did not live on the property after the fire, and referred to it as appellant's house after its reconstruction.

2

In August 2017, appellant's father died. In September 2018, the probate court appointed appellant as the administrator of her father's estate. In that capacity, appellant twice filed an inventory and appraisal, signed under penalty of perjury, listing the property as "decedent's 100% sole and separate property."

In February 2019, appellant also filed a verified civil complaint against respondents and the estate (Shasta County case No. 191902). The civil complaint alleged that appellant, individually, was the equitable "owner" of the property based on a purported 2013 gift from her father. Among other things, the complaint sought a judgment declaring appellant to be the owner and compelling the estate to execute and deliver a deed conveying legal title to her.

More than a year later, in August 2020, appellant filed a verified petition in probate court to convey title to the property under Probate Code section 850. In her petition, appellant claimed a right to title pursuant to her father's 2013 gift and agreement. The petition further alleged: "The mortgage to the property contains a 'due on sale' clause that applied to gift transfers but does not apply to transfers at death. Due to a pre-existing disability following a stroke, [appellant] did not qualify for financing. Therefore, [appellant's father and appellant] agreed that [appellant's father's] gift would take effect on his death . . . ."

Respondents moved for judgment on the pleadings based, in part, on the ground the petition was time-barred under section 366.3. The trial court granted respondents' motion with leave to amend.

On January 22, 2021, appellant filed a first amended petition which alleged substantially the same facts except, as relevant here, it changed the allegation that the gift would take effect on her father's death. Instead, the amended petition alleged that her father transferred "full equitable title to the Property" to her before his death, and agreed

3

to retain legal title to the property until either appellant secured financing *or* his death.**2** The amended petition alleged that the "sole purpose" for this arrangement was to avoid triggering the due on sale clause in the mortgage. The amended petition also explained that this was "a more complete statement of the facts," and the incomplete allegation in the original petition was "the result of counsel's misperception of the circumstances."

The probate court sustained respondents' demurrer to the first amended petition without leave to amend, concluding (again) that section 366.3 barred appellant's claim. Appellant timely appealed.

DISCUSSION

I

*Standard of Review*

The function of a demurrer is to test the sufficiency of a complaint by raising questions of law. (*Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 383 (*Owens*).) In assessing the sufficiency of a demurrer, we must assume the truth of the factual allegations of the complaint, but not contentions, deductions or conclusions of fact or law. (*Citizens for a Responsible Caltrans Decision v. Department of Transportation* (2020) 46 Cal.App.5th 1103, 1116.)

We review a pleading de novo to determine whether the trial court erred in sustaining a demurrer as a matter of law. (*Monterey Coastkeeper v. California Regional Water Quality Control Bd., etc.* (2022) 76 Cal.App.5th 1, 12.) De novo review also is proper here because the key issue is the interpretation and application of section 366.3. (*Estate of Ziegler* (2010) 187 Cal.App.4th 1357, 1363 (*Ziegler*).)

---

**2** It is undisputed that appellant did not secure replacement financing before her father's death.

## II

### *The Statute of Limitations*

Section 366.3 provides that a claim arising from "a promise or agreement with a decedent [for] distribution from an estate or trust" must be brought "within one year after the date of death." (§ 366.3, subd. (a).) The issue in this appeal is whether section 366.3 bars appellant's petition to convey title to property held by the decedent at the time of his death because appellant failed to bring that petition within one year of the decedent's death.

Appellant argues that section 366.3 does not apply because she is not seeking a distribution of an asset from her father's estate. Rather, she is seeking to compel transfer of legal title to property that she allegedly already owns. She contends the estate is nothing more than a trustee holding legal title to the property for her benefit. Thus, transferring legal title to her would not be a "distribution" from the estate. We are not persuaded.

### A. *Sham pleading doctrine*

We begin with respondents' contention that the allegations of the original petition "infect" the amended petition and render it vulnerable to demurrer. This contention has merit.

Under the sham pleading doctrine, a plaintiff may not avoid demurrer by pleading facts in an amended complaint that contradict facts pleaded in a prior complaint or by suppressing facts which prove the pleaded facts false. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.) The sham pleading doctrine is an exception to the general rule that we must assume the truth of the factual allegations of the complaint. (*Owens, supra*, 198 Cal.App.3d at p. 383; see *Foster v. Sexton* (2021) 61 Cal.App.5th 998, 1019.) Under this exception, if a party amends a pleading to omit or alter facts that rendered the pleading vulnerable to attack, the policy against sham pleading requires the plaintiff to explain the inconsistency. (*Owens*, at p. 384.) If the plaintiff fails to provide

5

a satisfactory explanation, the court may "disregard the inconsistent allegations and read into the amended complaint the allegations of the superseded complaint." (*Ibid.*; *Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 426.)

Here, the original petition alleged that appellant's father agreed to transfer the property to appellant as part of a gift that "would take effect on his death," thereby allowing appellant to avoid the due on sale clause that otherwise would have applied to an inter vivos transfer. Appellant made a similar admission in her opposition to respondents' motion for judgment on the pleadings, arguing that "it was agreed that [appellant] was the actual equitable owner, with legal title remaining with decedent until his death." The amended petition, in contrast, alleged that her father agreed to retain legal title until *either* appellant secured financing *or* his death.

Appellant has not provided a plausible explanation for the discrepancy between her original and amended petition. She alleges that the conflicts between the pleadings were "the result of counsel's misperception of the circumstances," but fails to explain *how* or *why* counsel misunderstood the facts despite the fact that the same counsel filed the related civil complaint in 2019. Neither does she explain why she (1) failed to correct counsel's alleged misperception before verifying the petition; or (2) as administrator of the estate, listed the property as "decedent's 100% sole and separate property."

In the absence of a "satisfactory" explanation for the inconsistencies in her prior pleading, we agree with respondents that the allegations of the original petition "infect" the amended petition and render it vulnerable to demurrer, as explained below. (*Sanai v. Saltz* (2009) 170 Cal.App.4th 746, 768; *Hendy v. Losse* (1991) 54 Cal.3d 723, 743; *Owens, supra*, 198 Cal.App.3d at p. 384; *Smyth v. Berman* (2019) 31 Cal.App.5th 183, 196.)

B.      *Application of section 366.3*

In light of the facts alleged, this case presents a relatively straightforward question of statutory interpretation:  Is a petition to enforce a promise to convey legal title upon

6

death a claim for a distribution from an estate or trust within the meaning of section 366.3? We conclude that it is.

Our conclusion is guided by the Fourth District Court of Appeal's decision in *Ziegler, supra*, 187 Cal.App.4th 1357, which construed section 366.3 to reach any action predicated on a decedent's promise to make specified distributions upon death. (*Id*. at p. 1365.)

The decedent in *Ziegler, supra*, 187 Cal.App.4th 1357 entered into a written agreement to transfer his house to his neighbor upon his death in exchange for the neighbor's provision of care. (*Id*. at p. 1361.) Prior to the decedent's death, the neighbor provided daily care to the decedent and made improvements to the house. (*Ibid*.) After the decedent's death, the neighbor promptly moved into the house, but did not file a petition to transfer title until 18 months later. (*Id*. at p. 1362.) The trial court ruled that the petition was timely, but the Court of Appeal reversed. (*Id*. at pp. 1362, 1366-1367.)

Looking to the legislative history of section 366.3, the appellate court concluded that the statute was intended to foster a policy in favor of early closing and distribution of estates and to " 'provide a uniform statute of limitations for claims arising from a contract to make a will or other promise or agreement with a decedent to a distribution from an estate or trust.' " (*Ziegler, supra*, 187 Cal.App.4th at p. 1364; *id*. at p. 1366.) Thus, the court broadly construed section 366.3 to reach any action " 'predicated on a decedent's promise to make specified distributions upon his death.' " (*Id*. at p. 1365.) Applying this rule, the court reasoned that the neighbor's claim to the property was barred by section 366.3 because it was based on a written agreement to transfer the house upon the decedent's death, which is indistinguishable from a contract to make a will or devise. (*Ziegler*, at pp. 1365-1366; *McMackin v. Ehrheart* (2011) 194 Cal.App.4th 128, 136-139 [following *Ziegler*].) We find the reasoning of *Ziegler* persuasive.

Here, as in *Ziegler*, appellant seeks to enforce an alleged promise or agreement to transfer property upon death.[3] As in *Ziegler*, her claim is essentially indistinguishable from a claim on a contract to make a will. Also, as in *Ziegler*, appellant failed to commence her action within one year of the decedent's death. Thus, under *Ziegler*, her petition is barred by section 366.3. (*Ziegler, supra*, 187 Cal.App.4th at pp. 1363-1367; see also *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 555 [agreement to divide property on death is subject to section 366.3]; *Stewart v. Seward* (2007) 148 Cal.App.4th 1513, 1519-1523 [oral promise to execute a will is subject to section 366.3]; *Embree v. Embree* (2004) 125 Cal.App.4th 487, 492 [written agreement to establish trust upon death subject to section 366.3].)

C. *Appellant's equitable trust claims*

Appellant seeks to distinguish *Ziegler* based on her claim that equitable title to the property transferred *before* her father's death, leaving the decedent (and his estate) with bare legal title, which is now held in trust for her benefit. She contends the property held in a trust is not an asset of the estate, so transferring title to her does not constitute a distribution from the estate.

The short answer to this contention is that appellant reads section 366.3 too narrowly. By its plain language, the statute applies to any claim arising from a promise or agreement with a decedent for a distribution "from an estate or trust or [other] instrument."[4] (§ 366.3, subd. (a); *California Building Industry Assn. v. State Water*

---

[3] Even if we were to accept the allegation in the amended petition that appellant's father agreed to convey title upon refinancing *or* death, it would not change our conclusion because it is undisputed appellant never secured replacement financing. Thus, the decedent's promise to transfer title could be performed only after death, by conveying property that otherwise belonged to the estate.

[4] The legislative history shows that section 366.3 was adopted as part of an omnibus bill designed to address problems resulting from modern estate planning strategies,

8

*Resources Control Bd.* (2018) 4 Cal.5th 1032, 1041 [the words of a statute are the most reliable indicator of legislative intent].) Appellant's claim arises from a promise or agreement for a distribution from an estate or trust. Thus, it is subject to section 366.3. (*Ziegler, supra*, 187 Cal.App.4th at p. 1366.)

We requested and received supplemental letter briefs from the parties addressing whether section 366.3 applies to resulting trusts. We conclude that it does, because excluding claims based on resulting trusts would contradict the language and purpose of the statute, and potentially lead to absurd results by treating express trust agreements more harshly than those implied by law.

But even if we were to accept the argument that section 366.3 does not apply to resulting trusts, we still would affirm the demurrer because the facts averred in appellant's petition are insufficient to support a resulting trust. A resulting trust arises by operation of law under circumstances where a transfer of real property is made to one person, and the consideration therefor is paid by or for another. (*Johnson v. Johnson* (1987) 192 Cal.App.3d 551, 555-556; *In re Marriage of Daniels* (1986) 186 Cal.App.3d 1084, 1092.) Absent the intention of the one to confer a gift upon the other, a trust is presumed to result in favor of the person furnishing the consideration to carry out and enforce the inferred intent that the transferee was not intended to take a beneficial interest in the property. (*In re Marriage of Daniels, supra*, at pp. 1092-1093; *Lloyds Bank California v. Wells Fargo Bank* (1986) 187 Cal.App.3d 1038, 1042-1043.)

including the "increasing use of living trusts" and the "uncertain" statute of limitations governing equitable and contractual claims to distributions from an estate or trust. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1491 (1999-2000 Reg. Sess.) as amended Jan. 3, 2000, pp. 1, 3, 4; Sen. Judiciary Com., Analysis of Assem. Bill No. 1491 (1999-2000 Reg. Sess.) as amended Mar. 23, 2000, pp. 2-3, 12.) In enacting section 366.3, the Legislature intended to bring the statute of limitations for such claims in line with the one-year limitations period contained in section 366.2. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1491 (1999-2000 Reg. Sess.) as amended Jan. 3, 2000, p. 4.)

However, to charge a resulting trust upon specific property, the party claiming the benefit of the trust must show that trust funds were used for the purchase of the property. (*Martin v. Kehl* (1983) 145 Cal.App.3d 228, 243 ["the payor cannot secure a greater interest in the property by way of a resulting trust than the proportion of the amount he paid bears to the total *purchase price*"]; accord, *Keene v. Keene* (1962) 57 Cal.2d 657, 665-667, superseded by statute on other grounds as stated in *Estate of Atherley* (1975) 44 Cal.App.3d 758, 767; *Neusted v. Skernswell* (1945) 69 Cal.App.2d 361, 367-368.) A resulting trust does not arise from a voluntary conveyance of property, or from subsequent monetary contributions to make improvements on a property *after* it was acquired. (*Martin, supra*, at p. 243; *Keene, supra*, at p. 667; *Knouse v. Shubert* (1941) 48 Cal.App.2d 685, 688; see *Finnegan v. Hernandez* (1946) 74 Cal.App.2d 51, 54.) This is fatal to appellant's claim, which is based upon an alleged gift of the beneficial interest in the property from appellant's father, without a transfer of title. Appellant has simply alleged an oral agreement for a distribution from the decedent's estate, which is not sufficient to support a resulting trust.

D.    *Vendee in possession rule*

Appellant finally claims that her interest as the equitable owner is not subject to defeasance by a statute of limitations while she remains in possession of the property. Again, we disagree.

Appellant's argument is based on the "vendee in possession" rule. Under this rule, a "vendee who has fully performed his part of a contract of sale is the beneficiary of a trust in the legal title, which is held for him by the vendor; and the statute of limitations does not run against a cause of action specifically to enforce the contract until such trust is clearly and unequivocally repudiated by the vendor." (*Kidd v. Kidd* (1964) 61 Cal.2d 479, 481.)

The vendee in possession rule has no application here since appellant claims an equitable right to title based on a purported gift from her father, rather than as a vendee

10

under a contract of sale. Accordingly, it is unnecessary for us to decide whether a vendee in possession would be subject to section 366.3.

III

*Denial of Leave to Amend*

When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. It is the plaintiff's burden to demonstrate a reasonable possibility that the defects in the complaint can be cured by amendment. (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 408.) Appellant has not done so. We therefore affirm the order sustaining the demurrer without leave to amend.[5] (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44.)

DISPOSITION

The probate court's order sustaining respondents' demurrer is affirmed. Respondents are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

    KRAUSE    , J.

We concur:

    RENNER    , Acting P. J.

    EARL    , J.

---

[5]    We express no opinion on whether appellant is barred from asserting a different claim, such as an equitable lien or encumbrance on the property.

11